**SECURITIES & EXCHANGE COMMISSION, Plaintiff,**

v.

**Edward M. GILBERT, James C. Couri, John C. Revson, Ludwig J. Cserhat, Judson L. Streicher, Bank De L'Union Europeene En Suisse S. A., Financiera Oriental S. A., Axioma A. G., Theodor Arnold, the Turid Gilbert Trust, the Yolan Gilbert Trust, the Gilbert Trust, Robert Dudley, Gerd Enterprises Corp., Municipal Street Sign Co., Inc., Greenell Corp., Homestead Properties, Lester Kerschner, Alfonso Simon, Jr., Defendants.**

**No. 76 Civ. 366.**

United States District Court, S. D. New York.

June 21, 1979.

See also, D.C., 79 F.R.D. 683.

Securities & Exchange Commission, New York City, for plaintiff; Donald N. Malawsky, Jeffrey H. Tucker, Steven J. Glusband, New York City, of counsel.

Coudert Brothers, New York City, for defendant Bank De L'Union Europeenne En Suisse S. A.; Joseph A. McManus, New York City, of counsel.

LASKER, District Judge.

In this action, the Securities and Exchange Commission charges that the nineteen defendants illegally manipulated the price of Conrac Corporation common stock.

One of the defendants, Bank De L'Union Europeenne En Suisse S. A. (Bank Union) moves for an order dismissing the action against it on the grounds that the court lacks personal jurisdiction over it. Bank Union contends that its contacts with this forum are insufficient to support jurisdiction over it, and that in any event jurisdiction has not attached because Bank Union was never properly served with the summons and complaint in this action.

■ Personal jurisdiction under section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa, extends "to the full reach permitted by the due process clause." *Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1339 (2d Cir. 1972). Thus, jurisdiction can be obtained over any defendant who has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940). The issue is twofold. First, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 19 L.Ed.2d 1067 (1957); *see Shaffer v. Heitner,* 433 U.S. 186, 213–16, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Second, the defendant's contacts with the forum must be such as make it reasonable to require it "to defend the particular suit which is brought there." *International Shoe Co. v. Washington, supra,* 326 U.S. at 317, 66 S.Ct. at 158.

■ Bank Union is a Swiss bank with no offices in New York. Its only contact with this forum is through four accounts maintained with three New York broker-dealers. Bank Union does not trade in these accounts on its own behalf, but maintains them as a service to its banking customers. Transactions in these accounts are effected by telephone or telex from the bank's offices in Geneva. Between February 18th and December 18, 1975, Bank Union purchased and sold securities valued at more than two million dollars through these accounts. Of these transactions, over 110 were purchases or sales of Conrac stock involving over one million dollars. These transactions in Conrac stock, the Commission alleges, were part of the manipulative scheme charged in the complaint.

These contacts are sufficient to support jurisdiction over Bank Union in this case, which arises out of the transactions constituting those contacts. By opening accounts with New York broker-dealers, Bank Union has "purposely avail[ed] itself of the privilege of conducting activities within the forum State." That the bank does not trade in these accounts on its own behalf is of no moment; the bank maintains the accounts as a service to its customers in the expectation that this extra service will attract present and potential customers, and thus inure to its benefit. And since the cause of action asserted in the complaint arises out of Bank Union's contacts with the forum, those contacts suffice "to make it fair to require defense of the action in [this] forum." *Kulko v. Superior Court,* 436 U.S. 84, 91, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978); *see Milliken v. Meyer,* 311 U.S. 457, 463–64, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

Bank Union argues that *Bersch v. Drexel Firestone, Inc.,* 519 F.2d 974 (2d Cir. 1975), requires a contrary result. There the court held, *id.* at 998–1000, that it had no jurisdiction over a Canadian investment house whose business, "so far as the United States is concerned, consist[ed] of buying and selling for Americans securities traded on Canadian markets and arranging with American brokers for its Canadian customers to buy or sell securities traded in American markets," *id.* at 998. However, in *Bersch* the cause of action sued on was not related to the investment house's arrangements with American brokers. Here Bank Union's trading activities in New York were an integral part of the alleged scheme to manipulate the price of Conrac stock.

Indeed, in *Bersch* the Second Circuit approved, with some qualification, section 37 of the Restatement (Second) of Conflict of Laws, which provides that

[a] state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable.

In *Bersch* the court noted that "the effect within the state must occur 'as a direct and foreseeable result of the conduct outside the territory.'" 519 F.2d at 1000 (quoting Restatement (Second) of Foreign Relations Law § 18). Since the cause of action here arises out of the purchases and sales of Conrac stock in New York which were not only the direct and foreseeable but the intended "effects" of Bank Union's "acts" in Switzerland, this court has jurisdiction over Bank Union. *See Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326, 1341 (2d Cir. 1972). Nothing in the nature of Bank Union's contacts with this forum suggests that the exercise of such jurisdiction is "unreasonable."

■ However, jurisdiction attaches only when a defendant is properly served with the summons and complaint in an action. In this case service on Bank Union was attempted by delivering the summons

and complaint to the general representative in New York of Banque de l'Union Europeenne, a French bank which is a shareholder of Bank Union. Although this procedure successfully provided Bank Union with actual notice of this proceeding, service in this manner was nevertheless not legally sufficient.

The standards set in Rule 4(d) for service on individuals and corporations are to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice. But there must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained.

■ *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972) (citations omitted). Rule 4(d)(3) of the Federal Rules of Civil Procedure provides for service on a domestic or foreign corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Although the purpose of the rule was accomplished in this case, the rule itself cannot be ignored. Nothing in the record supports an inference that the French bank is an agent for Bank Union for any purpose, and certainly not for receipt of process. It appears that the two banks are independent enterprises conducting similar but separate businesses in different parts of the world. That one bank has an equity interest in the other is not alone enough to warrant treating it as an agent for the other. *See Cook v. Bostitch, Inc.,* 328 F.2d 1, 2–3 (2d Cir. 1964).

The Commission relies on *Fooshee v. Interstate Vending Co.,* 234 F.Supp. 44 (D.Kan.1964), where the court concluded that service on the general manager of a subsidiary corporation was sufficient to support jurisdiction over the parent corporation. However, the court based its conclusion on the fact that the individual served was in fact if not in name the manager *for the parent* of the parent's subsidiaries in Kansas, and accordingly that it was

reasonable to impute to him authority to receive service on behalf of the parent. *Id.* at 52–53. Here there is no demonstrated relationship whatsoever between the French bank's general manager in New York and Bank Union which suggests that he is in fact an agent for Bank Union, or that it would be reasonable to treat him as one.

 The conclusion that Bank Union has not been properly served does not, however, require dismissal of this action, since it appears that proper service may still be obtained. *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2d Cir. 1972). Service could apparently be effected by delivering a copy of the summons and complaint to an officer or managing agent of Bank Union in Switzerland, Fed.R.Civ.P. 4(i)(1)(C), by mail, *id.* 4(i)(1)(D), or by serving New York's Secretary of State, *id.* 4(e); N.Y.Bus.Corp.Law § 307; *Lumbermens Mutual Casualty Co. v. Borden Co.,* 268 F.Supp. 303, 308 (S.D.N.Y. 1967); 1 J. Weinstein, H. Korn, A. Miller, New York Civil Practice ¶ 311.08 (1975).

For the reasons stated, Bank Union's motion to dismiss this action against it is denied, without prejudice to a renewed motion under Rule 12(b)(5) if the Commission does not properly serve Bank Union within seven days of the filing of this memorandum.

It is so ordered.