Caryl Anthony Vaughn GIBBS, et al., Plaintiffs,

v.

HAWAIIAN EUGENIA CORPORATION, Defendant and Third-Party Plaintiff,

HAWAIIAN EUGENIA CORPORATION, Defendant and Third-Party Plaintiff,

v.

The WEST OF ENGLAND SHIPOWN-ERS MUTUAL PROTECTION AND IN-DEMNITY ASSOCIATION (LUXEM-BOURGH), Third-Party Defendant.

No. 83 Civ. 2751(MEL).

United States District Court, S.D. New York.

March 26, 1984.

Symmers, Fish & Warner, New York City, for plaintiffs.

Christopher P. Keane, P.C., New York City, for defendant and third-party plaintiff.

Freehill, Hogan & Mahar, New York City, for defendant The West of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg); John W. Wall, New York City, of counsel.

LASKER, District Judge.

Third-Party defendant West of England ("WOE") moves pursuant to Fed.R.Civ.P. 4 and 12(b) to quash service and dismiss the complaint on the ground that service of process on WOE's local attorneys ("the law firm") was insufficient to confer personal jurisdiction over WOE. The motion to quash service and to dismiss the third-party complaint is granted.

WOE is a protection and indemnity insurance association ("P & I Club") composed of member-shipowners. It is organized under Luxembourgh law with a principal place of business in London, England. It has no place of business in New York, is not licensed to nor does it conduct business in New York, and has no agents, officers or employees in New York. Defendant Hawaiian Eugenia Corp. ("Hawaiian") served the third-party complaint in this admiralty action upon WOE's New York law firm, which received service under protest.

Fed.R.Civ.P. 4(d)(3) states in pertinent part that service shall be made:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...."

WOE has no officer or agent in New York, particularly not an agent authorized to accept service of process. Nevertheless, for reasons indicated below, Hawaiian contends that the law firm constitutes WOE's agent for purposes of service of process by virtue of the alleged activities of the law firm in New York on WOE's behalf. Generally,

"[a]n attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by 'appointment ... to receive service of process.' ... What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer."

*United States v. Bosurgi,* 343 F.Supp. 815, 817–18 (S.D.N.Y.1972) (footnotes omitted); *see* 2 Moore's Federal Practice, ¶ 4.22[1] at 4–187–88 (1983).

WOE and the law firm deny that the firm was ever expressly authorized to accept service of process. Hawaiian argues that WOE designated the law firm as its agent for receipt of process by granting it authority, *inter alia,* to issue bond and club letters; to receive, handle and adjust claims; and manage settlement funds on WOE's behalf without approval from WOE. While there is authority for the proposition that if the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of authorization to accept process, *see Grammenos v. C.M. Lemos,* 457 F.2d 1067, 1072–73 (2d Cir. 1972); *United States v. Balanovski,* 236 F.2d 298, 303 (2d Cir.1956), such activity is not present in the instant case.

The testimony elicited at the hearing held on December 8, 1983 demonstrates that the law firm issues club letters only pursuant to specific authority from WOE, and does not generally hold or manage settlement funds. Nor does the law firm have broad discretion to settle claims absent WOE's approval; such authority exists solely as to certain cargo claims, up to a limited amount, and generally with prior approval by the member-shipowner. The law firm is authorized to take certain emergency measures (e.g., in the event of an oil spill) on WOE's behalf only where it is impractical to secure advance approval. Hawaiian's argument that WOE's designation of the law firm as a "general consultant" in WOE's Rules and List of Commercial and Legal Correspondents compels the conclusion of authorization to accept process is unpersuasive in light of the facts that club members are free to select other counsel, and that the Rules expressly state that WOE does not appoint those listed therein as agents. None of the evidence "supports an inference that [the law firm] is an agent ... for any purpose, and certainly not for receipt of process." *SEC v. Gilbert,* 82 F.R.D. 723, 726 (S.D.N.Y.1979). The activities performed by the law firm on WOE's behalf are purely "primary professional functions" insufficient to warrant a finding of implied authority to receive service of process, *Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni,* 628 F.2d 652, 668 (1st Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981), and the motion to quash service is granted.

"[J]urisdiction attaches only when a defendant is properly served with the summons and complaint in an action." *Gilbert,* 82 F.R.D. at 726. Service in this case was insufficient as a matter of fact and law. Accordingly, WOE's motion to dismiss the complaint is also granted. "[T]here must be compliance with the

**1272**

terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action...." *Grammenos*, 457 F.2d at 1070 (citations omitted) (*quoted in Gilbert*, 82 F.R.D. at 726). WOE was never properly served and, in any event, its contacts with this forum are insufficient to support in personam jurisdiction.

■ Due process mandates that a defendant not present in the forum "have certain minimum contacts ... such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940)). Moreover, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The evidence requires the conclusion that WOE is not amenable to suit in this forum. WOE is a foreign association with no offices, agents or employees in New York. It is a wholly foreign entity not licensed or qualified to do business in New York; nor does it actually conduct business in New York by itself or through any agent. In addition, the subject matter of the suit has no connection with New York. The attempted service failed to confer jurisdiction over WOE, a foreign association with no contacts with this forum. The complaint is dismissed.

It is so ordered.