■ DEBORAH R. ZAHRAN, Appellant, v ABED K. ZAHRAN, Respondent.—Order unanimously affirmed without costs. Memorandum: Family Court possessed subject matter jurisdiction to enforce prior orders it had made regarding visitation and distribution of marital property because the Supreme Court divorce decree specifically referred the matters to Family Court (see, Family Ct Act § 115 [b]; Capelli v Capelli, 42 AD2d 905). Family Court also possessed personal jurisdiction over the parties because it has wide discretion in determining the manner of service in an order to show cause and petitioner impliedly empowered her attorney to accept service of process by her appearance in the prior related proceedings she commenced in Family Court (see, CPLR 2103 [b]; 303; Gibbs v Hawaiian Eugenia Corp., 581 F Supp 1269). (Appeal from order of Onondaga County Family Court, Kedge, J.—enforce visitation.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN STEINER, Appellant.—Judgment unanimously affirmed, and assigned counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). Memorandum: We have examined the record as well as defendant's pro se submissions and agree with assigned counsel that there are no nonfrivolous issues to be raised on behalf of the defendant. The fact that certain portions of the transcript are missing does not entitle defendant to automatic reversal (see, People v Rivera, 39 NY2d 519) and defendant has failed to establish that there were inadequate means from which it could be determined whether appealable issues were present (see, People v Glass, 43 NY2d 283, 287; People v Acevedo, 104 AD2d 946). (Appeal from judgment of Supreme Court, Monroe County, Boomer, J.—burglary, second degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.