**J. & L. PARKING CORPORATION, INC., Plaintiff,**

v.

**The UNITED STATES of America, Trustees of Columbia University in the City of New York, Collegiate Corporation, Inc., Defendants.**

No. 92 Civ. 7826 (WCC).

United States District Court, S.D. New York.

Oct. 8, 1993.

---

Lendsey H. Jones, New York City, for plaintiff; Lendsey H. Jones, of counsel.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, for defendant U.S.; Kathy S. Marks, Asst. U.S. Atty., of counsel.

Horwitz, Toback & Hyman, New York City, for defendant Trustees of Columbia University in the City of N.Y.; Arthur M. Toback, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

J. & L. Parking Corporation, Inc. ("J & L") brings this action against the United States of America (the "Government"), Trustees of Columbia University in the City of New York (the University), and Collegiate Corporation, Inc. ("Collegiate") for compensatory and punitive damages, declaratory and injunctive relief, and relief by mandamus for allegedly unlawful acts arising out of J & L's lease (the "Lease") of a vacant lot from the University. Specifically, plaintiff alleges that the term of the Lease violated 13 C.F.R. § 106.7(b) and that defendants violated plaintiff's rights under 42 U.S.C. § 2000b by not giving it a ten-year lease, by not granting it an option to renew, and by evicting it from the premises upon the expiration of the Lease term. The matter is before the Court on the University's motion for summary judgment, the Government's motion to dismiss pursuant to Rules 12(b)(1) and (6), Fed. R.Civ.P., and J & L's cross motion for summary judgment to strike the defenses asserted by the University in its answer (the "Answer"). The University's motion for summary judgment and the Government's motion to dismiss are granted.

### BACKGROUND

The undisputed facts are as follows. J & L entered into a lease with the University for the vacant lot located at 603–611 West 129th Street, New York, New York. The Lease was for an initial term of five (5) years, commencing on July 1, 1982 and expiring on June 30, 1987, but gave J & L the option to renew for an additional five (5) year period, expiring on June 30, 1992, under the same terms and conditions. Compl. ¶ 14. Under the Lease, J & L was not obligated to pay rent but was obligated to pay all costs, expenses, and obligations of any kind relating to the leased property, Lease ¶ 1st, and to develop the vacant premises into a parking lot at its own expense. Rider ¶ 32. In the

Lease, J & L represented that all proceeds from a $33,000 loan it was to obtain from the Small Business Administration (the "SBA") would be applied toward the improvements made pursuant to ¶ 32. Rider ¶ 46.

J & L did obtain a loan from the SBA in the amount of $33,000. Compl. ¶ 12. As a condition of the SBA's lending of the money, J & L was required to assign the Lease to the SBA as collateral to secure the Loan. After the University entered into an agreement with the SBA in which the University consented to the assignment, *See* Landlord's Consent and Agreement, Compl. Ex. A, the Lease was so assigned. *See* Assignment of Lease, Compl. Ex. A.

Subsequently, J & L occupied the premises and operated such as a parking lot for ten years until June 30, 1992 pursuant to the Lease and the renewal option contained therein. The Lease was not renewed again, Compl. ¶ 16, but J & L continued to occupy the premises. The University then instituted a summary proceeding in Civil Court, New York County, seeking to dispossess J & L. After a hearing, the Civil Court granted possession of the premises to the University, ordered a warrant of eviction whose execution was stayed until November 15, 1992, and granted a money judgment in favor of the University for $30,000. Compl. ¶ 25 and Ex. C.

The Loan has been repaid in full to the SBA, and there is no longer an outstanding assignment. Local Rule 3(g) Stmt. of the University, ¶ 10.

## DISCUSSION

### I. The University's Motion for Summary Judgment

Rule 56(c) Fed.R.Civ.P. authorizes the granting of a summary judgment only if "there is no genuine issue as to any material fact [so] that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment may be granted only when, after drawing all reasonable inferences in favor of the non-moving party, no reasonable trier of fact could find for that party. *Lund's, Inc. v. Chemical Bank,* 870 F.2d 840, 844 (2d Cir.1989). If material factual matters are in dispute, summary judgment is not appropriate. *National Union Fire Ins. Co. v. Turtur,* 892 F.2d 199, 203 (2d Cir.1989). However, summary judgment is especially useful in unmasking frivolous claims, thereby swiftly ending meritless litigation. *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438 (2d Cir.1980).

The University moves for summary judgment on the basis that the affirmative defenses raised in its Answer, namely, failure to state a claim upon which relief can be granted, insufficient service of process, and collateral estoppel and/or *res judicata,* mandate a judgment of dismissal as a matter of law. We agree with the University as to the first two grounds for summary judgment, and therefore need not reach the collateral estoppel/*res judicata* issue.

### A. Insufficient Service of Process

The University moves this Court for summary judgment dismissing J & L's entire cause of action against it for failure properly to serve the Summons and Complaint. Rule 4(d)(3) Fed.R.Civ.P. provides:

> Service shall be made ... [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.[1]

---

1. Under Rule 4(c)(2)(C)(i), Fed.R.Civ.P., service may also be made pursuant to the law of the state in which this Court sits, i.e. New York. Neither plaintiff nor the University discuss New York service-of-process law in their papers; however, we mention it here to note that the applicable provision in New York is essentially identical to Rule 4(d)(3). *See* CPLR § 311(1) ("Personal service upon a corporation ... shall be made by delivering the summons ... upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service[.]").

The University argues that service was improper because despite the fact that it is a large, well-known University located in New York City which readily accepts service of process, J & L never served it with the Summons and Complaint. Instead, process was served on Patricia Feldman, Esq., of the law firm Byron Golden, Esq., who had represented the University in the earlier Civil Court action against J & L. Feldman specifically informed the process server that she was not authorized to accept service for the University by writing the same on the process server's statement. Toback Aff. ¶ 20 and University Ex. F. The University asserts that outside attorneys are not authorized to accept service of process on its behalf, and that after this initial inadequate service, no service of process was made. Jacobsen Aff. ¶¶ 2, 4.

J & L does not contest the above facts. Rather, it merely 1) declares that the University is a New York corporation with its principal office at 225 Broadway, New York, NY, 2) cites Rule 4(d)(3), and 3) asserts that "no one can contend that an attorney is not authorized by law to receive service." Pl.'s Br. in Opp. at 5. Although difficult to discern from plaintiff's counsel's submissions, J & L is presumably arguing that because the University has a principal office in New York City, process can be served upon an outside attorney, in New York City but at a different address from that of the principal office, who had represented the University in a prior related state court proceeding.

Since there are no disputed issues of material fact, we must determine whether process was properly served as a matter of law. We conclude that it was not, and therefore grant the University's motion for summary judgment.

■ As detailed above, Rule 4(d)(3) and state law authorize service upon an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Patricia Feldman was neither an officer nor a managing or general agent of the University when J &

L attempted to serve her. Nor was she expressly authorized by appointment to accept service of process. In fact, she specifically informed the process server that she had no authority to do so, and wrote the same on the process server's statement. Toback Aff. ¶ 20 and University Ex. F.

J & L seems to argue that Feldman was indeed authorized, if not by appointment then by law, to accept service by the mere fact that the law firm in which she worked represented the University in an earlier, completed, albeit related action. We find no merit in this argument. The undisputed facts show that Feldman was not authorized by appointment to accept service. Nor was she authorized by law to do so. This court has specifically stated that an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action. *Gibbs v. Hawaiian Eugenia Corp.*, 581 F.Supp. 1269, 1271 (S.D.N.Y.1984).[2] Furthermore, while the authority of an attorney to accept service may be implied from the surrounding circumstances indicating the intent of the client, *Olympus Corp. v. Dealer Sales and Service, Inc.*, 107 F.R.D. 300, 305 (S.D.N.Y.1985), there is no evidence here showing such intent. In fact, the only relevant evidence (Feldman's writing on the server's statement) shows that the University did not intend to authorize its outside attorneys to accept service.

Since service of process on one not authorized to accept the same is ineffective, J & L failed properly to serve the University. Therefore, the University's motion for summary judgment on this ground is granted. While we would normally grant plaintiff leave to re-commence the action in accordance with the Federal Rules of Civil Procedure, *see* Rule 4(j) Fed.R.Civ.P., we need not do so here because, as discussed below, J & L's claims are more fundamentally flawed on other grounds, warranting dismissal of the action with prejudice.

**2.** *See also Pinto v. House*, 79 A.D.2d 361, 436 N.Y.S.2d 733, 735 (1st Dep't. 1981) (Even though law firm represented defendant on prior matter, that alone is insufficient to authorize service of process under New York law).

## B. Failure to State a Claim

The parties do not disagree on the material facts discussed above; rather, they disagree with respect to whether the facts support a cause of action against the University. Because we find that the facts do not support the claims made by J & L, we grant summary judgment in favor of the University.

Although extremely difficult to discern from plaintiff's pleadings and motion papers, it appears that the gravamen of J & L's claims is that it was somehow entitled to a ten-year lease under 13 C.F.R. § 106.7(b). Specifically, J & L asserts two claims in the complaint. The first arises directly under § 106.7(b). J & L alleges that the five-year term of the Lease, with the option to renew for five years, violated this provision and that the University was thereby somehow unjustly enriched. Compl. ¶ 23. The second claim arises under 42 U.S.C. § 2000d. J & L asserts that the University discriminated against it by conspiring to deprive it of its rights under this provision by not giving it a ten-year lease, by not granting it an option to renew, and by evicting it from the premises. Compl. ¶ 25. We will discuss each claim in turn.

In 1953, Congress enacted the Small Business Act, whose purpose is to encourage and develop the actual and potential capacity of small businesses. The SBA was created to carry out the policies thereunder. *See* 15 U.S.C. § 631 et seq. The act authorizes the SBA to guarantee rental payments by small business concerns under leases of commercial and industrial property in certain circumstances. 15 U.S.C. §§ 692–694. Pursuant to this statutory authority, the SBA promulgated 13 C.F.R. § 106.7(b) which states:

> The minimum term of a lease which SBA will guarantee directly is 10 years; the maximum term for such insurance is 20 years. The minimum term of a lease which SBA will guarantee in participation with a qualified company is 5 years; the

maximum term for such insurance is 20 years.

The act also authorizes the SBA, in a provision entirely separate from that discussed above, to provide direct loans of money to small business concerns in certain circumstances. 15 U.S.C. § 636(a)(11).

In its first claim, J & L contends that §§ 692–694 and § 106.7(b) conferred upon it an absolute right to a ten-year lease. Plaintiff further argues that the University violated this right by entering into the five-year lease because "[w]hen the Trustees of Columbia University became a party to the Loan Gurantee [sic] between plaintiff and the Small Business Administration, Columbia University became bound by the rules and regulations of the Small Business Administration." Pl's. Br. in Opp. at 5.[3] Since the Lease between J & L and the University was for a term of five years with a five-year renewal option, the argument continues, the University was in direct violation of those provisions, thereby becoming unjustly enriched.

■ We find no merit in J & L's argument. Section 106.7(b) does not vest in plaintiff any right for the violation of which the University could be held liable. First, the rule merely sets forth the terms under which the SBA will extend rental payment guarantees. It does not confer upon a lessee whose lease is guaranteed by the SBA the absolute right to a ten-year term, nor does it hold the lessor responsible for ensuring such a term. The provision merely states the types of leases for which the SBA will consider granting guarantees.

■ Second, § 106.7(b) simply does not apply to the case at bar because the SBA did not guarantee the Lease. Rather, the SBA made a *direct loan* of money to J & L pursuant to 15 U.S.C. § 636(a)(11). *See* Authorization and Loan Agreement, Compl. Ex. B.[4] The SBA did accept the Lease as collat-

---

3. Although not clear from J & L's submissions, we presume that what it means by the above-quoted assertion is that the Loan and security agreement pledging the Lease as collateral therefor comprise the "Loan Gurantee [sic]", and that the University became a party to it by authorizing the assignment of the Lease as security.

4. The Loan papers note that the Loan was made pursuant to § 7(i) of the Small Business Act, which was recodified as § 7(a)(11) of the Small Business Act, 15 U.S.C. § 636(a)(11).

eral to secure the Loan it made to J & L, but it did not make any rental payment guarantees pursuant to 115 U.S.C. §§ 692–694 and § 106.7. In fact, the SBA could not do so because it was not then and is not now authorized to accept applications under the lease-guarantee program because Congress has not appropriated money for such guarantees since 1977. *See* 13 § C.F.R. 106.1.

J & L apparently believes that the security agreement between it and the SBA, pledging the Lease as collateral for the Loan, together with the direct loan itself, somehow make § 106.7(b) applicable to the case at bar. Plaintiff's counsel is mistaken in its belief that the SBA did indeed guarantee the Lease. He has not offered a scintilla of evidence, other than marginally intelligible, conclusory statements of law, to show the applicability of the provision,[5] nor has he adduced evidence to show that if § 106.7(b) had been applicable, the provision would have conferred upon J & L an absolute right to a ten-year term.[6]

Accordingly, since the undisputed facts do not support a cause of action under the applicable law, the University's motion for summary judgment with respect to plaintiff's first claim is granted.

In its second claim, J & L contends that the University violated its rights under 42 U.S.C. § 2000d by conspiring "to discriminate to deprieve [sic] the plaintiff of his rights by first, in not giving it a lease for 10 years as required pursuant to CFR (1–1–92), § 106–7 [sic] of the SBA Regulations; second, by not granting him an option to renew the Lease as called for under paragraph 40 of the Lease; and third, by evicting plaintiff in the Civil Court of the City of New York ...". Compl. ¶ 25. 42 U.S.C. § 2000d provides:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Again, we find no merit in plaintiff's claim. First, as discussed above, 13 C.F.R. § 106.-7(b) does not apply to the Loan or Lease J & L received. Therefore, even if, *arguendo*, the provision confers upon lessees under the guarantee program a right to a ten-year term, it is inapplicable to the case at bar and cannot form the basis of a cause of action.

Second, the option to renew the Lease was in fact exercised by J & L, and it occupied the premises for over ten years. Compl. ¶¶ 14–15. Plaintiff's counsel has offered no evidence to show it was entitled to an additional option to renew. Therefore, J & L's claim that the University violated its rights by not granting it an option has no basis in law.

█ Third, J & L has offered no evidence to support its conspiracy charge. The University asserts that it never discussed the Lease or the eviction proceeding with Collegiate or the Government, thereby precluding conspiracy charges. Weiner Aff. ¶ 10. Plaintiff does not contest this assertion but merely rests on its conclusory allegation of conspiracy in the complaint. Rule 56(e), Fed.R.Civ.P.

█ Lastly, § 2000d does not even apply to the SBA's Direct Loan and Lease Guarantee Programs because these programs are administered directly by the Federal Government rather than through a state or local intermediary. *Soberal–Perez v. Heckler,* 717 F.2d 36, 38 (2d Cir.1983), *cert. denied,* 466

5. In response to the Government's motion to dismiss and its assertion therein that the SBA did not guarantee the Lease, J & L argues the following only:

Although the Government contends that the SBA 'mever [sic] guranteed [sic] the Lease ...' the evidence is to the contrary. As section 106.7(b) states: [the text of the provision is cited here]. Annexed to the complaint as Exhibit A on page 1 of said loan agreement is the following "CAPTION"[:] AUTHORIZATION AND LOAN AGREEMENT (DIRECT

LOANS)[.] Then the agreement further states that your application dated 03–12–81 for SBA to extend a loan in the amount of # 33,000.00 [sic] is approved ...
Pl's. Br. in Opp. at 5.

6. In fact, even if there were some requirement here for the University to have given J & L a ten year lease, J & L indeed occupied the premises for ten years pursuant to the Lease and the renewal option contained therein. Cmplt. ¶ 15.

U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984) (Title VI "was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary."). Therefore, even if, *arguendo,* the University violated plaintiff's rights under § 106.7(b), plaintiff would not have a cause of action under § 2000d.

Accordingly, since the undisputed material facts do not support a cause of action under the applicable law, the University's summary judgment motion with respect to plaintiff's second claim is granted.

## II. The Government's Motion to Dismiss

The Government moves to dismiss plaintiff J & L's complaint pursuant to Rule 12(b)(6) Fed.R.Civ.P. for failure to state a claim upon which relief can be granted.[7] On a motion to dismiss, we accept all allegations in the complaint as true, and dismiss only if, after drawing all reasonable inferences in plaintiff's favor, it is clear that plaintiff is not entitled to relief. *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

As discussed above, the material facts, as alleged on the face of plaintiff's complaint, are not in dispute. After accepting these allegations as true and drawing all reasonable inferences in J & L's favor, for substantially the same reasons as set forth above, it is clear plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Government's motion to dismiss is granted.

## III. Rule 11 Sanctions

Defendants have moved this Court to sanction plaintiff and its counsel pursuant to Rule 11, Fed.R.Civ.P., for bringing an allegedly frivolous lawsuit. Having considered defendants' arguments, we find that this lawsuit, although devoid of merit, was neither frivolous nor filed for any improper purpose and therefore deny defendants' motion.

## CONCLUSION

For the foregoing reasons, the University's motion for summary judgment is granted, the Government's motion to dismiss is granted, and plaintiff's cross motion for summary judgment is denied.

**SO ORDERED.**

---

7. The Government also makes persuasive arguments for dismissal of the complaint pursuant to Rule 12(b)(1) Fed.R.Civ.P. for lack of subject matter jurisdiction, based on sovereign immunity and the lack of a federal question. However, we need not reach these issues because we deal with the alleged jurisdictional insufficiency as a direct attack on the merits of J & L's case. *See, e.g., Claxton v. Small Business Admin. of U.S. Gov't,* 525 F.Supp. 777, 781 (S.D.Ga.1981) ("In some instances, e.g., statutory waivers of sovereign immunity, the basis of subject matter jurisdiction may be intertwined with the plaintiff's federal cause of action. Where this occurs and 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case.'" (citing *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981)). *See* discussion re: failure to state a claim upon which relief can be granted, *infra* pp. 104–05.