■ Dennis Corrigan, Respondent, v James M. Breen, Jr., Appellant. [660 NYS2d 503] —Crew III, J. Appeal from an amended order of the Supreme Court (Ceresia, Jr., J.), entered March 18, 1997 in Albany County, which, *inter alia*, upon reargument, vacated a prior order granting defendant's motion to enforce a stipulation of settlement.

Plaintiff and defendant, together with Thomas Corrigan, are the owners of certain real property known as Main Square located in the Town of Bethlehem, Albany County. The parties decided to end their business relationship and, in May 1994, apparently entered into a contract for the purchase and sale of defendant's interest in the property. When the parties could not agree upon a selling price, an addendum was added to the contract and provided as follows:

"4. The selling price shall be one-third of the market value as determined by the following process:

"A. [Defendant] and [plaintiff] each hire an M.A.I. appraiser at their own expense to value the property using standard appraisal industry methods.

"B. [Defendant] and [plaintiff] and their appraisers make reasonable efforts to establish a mutually agreeable market value.

"C. If agreement is not reached, both appraisers choose a mutually agreeable referee who shall be an M.A.I. appraiser. Each appraiser shall present their appraisal and each party's final offer to the referee who shall choose one final offer or the other. The referee's decision shall be binding on all parties. The referee's fee to be split equally by [plaintiff] and [defendant]".*

Although the required appraisals subsequently were obtained, the parties could not reach an agreement as to market value and defendant apparently refused to comply with paragraph No. 4 (C) of the addendum, prompting plaintiff to commence this action for specific performance. The parties thereafter entered into a stipulation of settlement, pursuant to the terms of which it was agreed that the selling price would be determined in accordance with paragraph No. 4 (C) of the addendum and, to that end, the parties selected Douglas Alvey, an M.A.I. and State-certified general real estate appraiser, to act as Referee.

By letter dated May 20, 1996, Alvey advised the parties that the appraisal submitted by defendant most closely represented the value of the property as of the agreed upon valuation date. It appears that defendant thereafter moved to confirm the award pursuant to CPLR 7510 and plaintiff opposed the motion, contending that the stipulation should not be enforced due to, *inter alia*, Alvey's failure to disclose the basis for his decision. Supreme Court apparently converted defendant's motion to confirm the award to a motion to enforce the stipulation of settlement and, by decision dated October 18, 1996, determined that Alvey had performed his assigned task. Accordingly, judgment was entered in favor of defendant.

Plaintiff thereafter moved for, *inter alia*, leave to reargue, contending that Supreme Court had overlooked the applicability of the Uniform Standards of Professional Appraisal Practice (hereinafter the Uniform Standards; *see*, Executive Law § 160-d; 19 NYCRR part 1106), and defendant cross-moved for the appointment of a receiver. Supreme Court granted plaintiff's motion to reargue and, upon reaching the merits, found that the Uniform Standards were implied in the stipulation of settlement and, due to Alvey's failure to comply with same, neither party was entitled to enforcement at that time. Supreme Court also denied defendant's cross motion and stayed all enforcement proceedings initiated by defendant. This appeal by defendant ensued.

---

* "M.A.I." apparently stands for "Member of the Appraisal Institute".

We affirm. It is well settled that a stipulation of settlement is an independent contract subject to the principles of contract interpretation (*see, H.K.S. Hunt Club v Town of Claverack*, 222 AD2d 769, *lv denied* 89 NY2d 804). In this regard, "[t]he cardinal rule of contract interpretation is that, where the language of the contract is clear and unambiguous, the parties' intent is to be gleaned from the language of the agreement *and whatever may be reasonably implied therefrom*" (*id.*, at 769 [emphasis supplied]).

Here, while it is true that Alvey was assigned a relatively narrow task—namely, to select which of the two appraisals more closely represented the market value of the property—and, further, that neither the contract addendum nor the stipulation of settlement specifically required Alvey to conform to the Uniform Standards in reaching such a determination, we agree with Supreme Court that compliance with such standards may be reasonably inferred. The stipulation of settlement specifically provided that the parties agreed to "continue with the process of determining a selling price of the property pursuant to the contract between them" and that such process would "be completed by the two parties fulfilling the terms of Paragraph 4(c) of Addendum A of the Contract". The stipulation of settlement further provided that all remaining terms and conditions of the underlying contract remain in full force and effect. Inasmuch as the addendum required that each party "hire an M.A.I. appraiser * * * to value the property using standard appraisal industry methods" and, further, mandated that the Referee be a M.A.I. appraiser, it would be illogical to conclude that the parties intended Alvey to reach his determination without complying with the standards governing his profession. In other words, given the detailed manner in which the parties agreed to arrive at a market value, as expressed in the subject agreements, it would be irrational to interpret the stipulation of settlement as permitting Alvey to essentially "flip a coin" to determine which appraisal would prevail. Defendant's alternative argument, that Alvey complied with the Uniform Standards in conducting his review, has been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the amended order is affirmed, with costs.