■ Dennis Corrigan, Appellant, v James M. Breen, Jr., Respondent. (And Another Related Action.) [690 NYS2d 163] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 3, 1998 in Albany County, which granted defendant's motion to enforce a stipulation of settlement.

The relevant facts are more fully set forth in this Court's prior decision in this matter (241 AD2d 861). Briefly, plaintiff and defendant are engaged in a dispute as to the sale price of defendant's interest in certain commercial property known as Main Square, located in the Town of Bethlehem, Albany County. Plaintiff and defendant, together with Thomas Corrigan, are the owners of the subject parcel. In February 1996, the parties executed a stipulation of settlement, pursuant to the terms of which it was agreed that the selling price would be determined in accordance with paragraph No. 4 (C) of the addendum to the purchase and sale contract. Paragraph No. 4 (C) provided, in turn, that a Referee would review the appraisals and final offers submitted by the respective parties and choose the offer that most closely represented the market value of the property as of the agreed-upon valuation date. The Referee selected was Douglas Alvey, a M.A.I. and State-certified real estate appraiser.

Although Alvey ultimately advised the parties that defendant's offer prevailed, defendant's subsequent motion to confirm the award, which apparently was converted by Supreme Court to a motion to enforce the stipulation of settlement, was denied based upon Alvey's failure to comply with an implied condition in the stipulation of settlement—namely, that Alvey would adhere to the Uniform Standards of Professional Appraisal Practice (*see*, 19 NYCRR part 1106) in reaching his determination. Upon defendant's appeal, this Court affirmed Supreme Court's amended order (241 AD2d 861, *supra*).

Defendant thereafter brought a second motion to enforce the stipulation of settlement requesting, insofar as is relevant to this appeal, that a certain letter be forwarded to Alvey delineating his obligations in light of this Court's prior decision or, in the alternative, that Supreme Court "provide direction to the [R]eferee as to the next step he should take pursuant to the [s]tipulation of [s]ettlement". Supreme Court granted defendant's motion, prompting this appeal by plaintiff.

Plaintiff, as so limited by his brief, contends only that the letter that Supreme Court directed be sent to Alvey does not, upon resubmission, provide Alvey with sufficient instructions to enable him to discharge his duties pursuant to the terms of the stipulation of settlement. Specifically, plaintiff asserts that in order for Alvey to fulfill his obligations under the stipulation of settlement, he must first make his own independent determination as to the market value of the property as of the agreed-upon valuation date. Without making such a determination, plaintiff's argument continues, Alvey cannot appropriately choose between the competing offers.

Implicit in plaintiff's argument is the assumption that without such further instructions, Alvey is destined to once again select defendant's purchase offer. Unless and until such event comes to pass, however, plaintiff simply is not aggrieved by Supreme Court's order, as the letter itself does nothing more than direct Alvey to comply with the provisions of 19 NYCRR part 1106 and to choose one final offer or the other.*

---

* The text of the letter to Alvey provides:

"For various reasons, this issue must be resubmitted to you for consideration pursuant to the original Stipulation of Settlement.

"While undertaking your duties, you must comply with 19 N. Y.C.C.R. § 1106 generally, and 19 N. Y.C.C.R. § 1106.3 specifically. If you need any additional information regarding the actual property or the respective appraisals, please contact the respective attorneys pursuant to Paragraph 2 of the Stipulation to request same.

"You are again bound to choose one final offer or the other."

Should defendant ultimately prevail and a judgment in his favor is entered, any deficiencies in the subject letter may be addressed upon plaintiff's appeal from such judgment.

Mikoll, J. P., Mercure, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the appeal is dismissed, without costs.