In the Matter of LISA M.H., Respondent, v GERALD C.H., Appellant. [830 NYS2d 394]—

Appeal from an order of the Family Court, Allegany County (James E. Euken, J.), entered January 26, 2006 in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, dismissed respondent's objections to an order of the Support Magistrate determining that the court has subject matter jurisdiction.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs.

Memorandum: Respondent, as limited by his brief, appeals from that part of an order dismissing his objections to an order of the Support Magistrate determining that Family Court has subject matter jurisdiction to enforce the provisions of the parties' stipulation requiring respondent to pay one half of certain marital debt to petitioner. The stipulation is incorporated in the parties' judgment of divorce. The Support Magistrate determined that overpayment of Social Security benefits received on behalf of the parties' child is related to the support of the child and that Family Court therefore has subject matter jurisdiction to enforce the judgment of divorce insofar as it concerns that marital debt. With respect to credit card debt, the Support Magistrate reserved petitioner's right to establish that the debt is related to the support of the child. The order, however, does not direct respondent to pay any sums with respect to the marital debt. We therefore conclude that the appeal must be dismissed because respondent is not aggrieved by the order on appeal (*see Corrigan v Breen*, 261 AD2d 672, 673-674 [1999]; *see generally* CPLR 5511). We note, however, that Supreme Court did not expressly refer the issue of child support to Family Court. Therefore, were we to consider the merits of the appeal, we would agree with respondent that Family Court lacks subject matter jurisdiction to determine whether marital debt is related to the support of the child and to enforce the judgment of

divorce accordingly (see Family Ct Act § 115 [b]; cf. Matter of Chambers v Chambers, 305 AD2d 672, 672-673 [2003]; Matter of Collins v Carella, 251 AD2d 850, 851 [1998]; Zahran v Zahran, 154 AD2d 886 [1989]). Present—Hurlbutt, J.P., Gorski, Centra and Green, JJ.