# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

859

CA 12-02307

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ECOGEN WIND LLC AND ECOGEN
TRANSMISSION CORP.,
PETITIONERS-APPELLANTS-RESPONDENTS,

                            V                                MEMORANDUM AND ORDER

TOWN OF PRATTSBURGH TOWN BOARD,
RESPONDENT-RESPONDENT-APPELLANT,
ET AL., RESPONDENTS.
--------------------------------------------------
TOWN OF PRATTSBURGH,
PLAINTIFF-RESPONDENT-APPELLANT,

                            V

ECOGEN WIND LLC AND ECOGEN TRANSMISSION CORP.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR
PETITIONERS-APPELLANTS-RESPONDENTS AND DEFENDANTS-APPELLANTS-
RESPONDENTS.

BOND, SCHOENECK & KING, PLLC, ROCHESTER (JOSEPH S. NACCA OF COUNSEL),
FOR RESPONDENT-RESPONDENT-APPELLANT AND PLAINTIFF-RESPONDENT-
APPELLANT.

---

     Appeal and cross appeal from a judgment (denominated order) of
the Supreme Court, Monroe County (John J. Ark, J.), entered February
24, 2012 in a proceeding pursuant to CPLR article 78.  The judgment,
among other things, granted in part the motion of petitioners-
defendants, Ecogen Wind LLC and Ecogen Transmission Corp., to enforce
a settlement agreement and denied the motion of petitioners-defendants
to dismiss the declaratory judgment action.

     It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting the motions of
petitioners-defendants to enforce the settlement agreement in its
entirety and to dismiss the declaratory judgment action and as
modified the judgment is affirmed without costs.

     Memorandum:  Petitioners-defendants, Ecogen Wind LLC and Ecogen
Transmission Corp. (petitioners), appeal and respondents, including
the Town of Prattsburgh Town Board (Town Board) and respondent-
plaintiff, the Town of Prattsburgh (Town), cross-appeal from a

judgment that, inter alia, granted in part petitioners' motion to enforce a settlement agreement and denied petitioners' motion to dismiss the Town's declaratory judgment action.

Petitioners are engaged in the business of constructing and operating wind turbine energy facilities. This litigation involves petitioners' attempt to construct such a facility in the Town. In March 2009, petitioners were advised in writing by the Town Code Enforcement Officer that "no building permit [could] be required by the Town for [petitioners' proposed wind energy project]" as "[t]here are no Town laws or ordinances which prevent [petitioners] from proceeding with construction." On July 20, 2009, petitioners received the permits required by the New York State Department of Environmental Conservation to construct a wind energy facility in the Town. It is undisputed that, at all times prior to the commencement of this litigation, the Town had no local law, zoning law or building code provision that required any permit or variance for the construction of wind turbines in the Town.

Nonetheless, in an attempt to accommodate the concerns of the Town Board with respect to the proposed project, petitioners undertook a process to gain respondents' approval for the project. Petitioners were unable to reach an agreement with respondents with respect to the project, and in particular with respect to the use of Town roads to access and ship materials to the site, and on November 16, 2009 they commenced this CPLR article 78 proceeding. Thereafter, on December 18, 2009, the parties executed a written settlement agreement providing, inter alia, that "no approvals, permits or other authorizations from the Town are required in order for [petitioners] to develop, construct and operate the Project," and the Town passed a resolution approving the settlement. However, on January 7, 2010 the newly elected Town Board passed a resolution concluding that the settlement agreement was "invalid, illegal, void, and of no force [or] effect" and voted to rescind the prior resolution of December 18, 2009 that had approved the settlement. On March 9, 2010, the Town Board enacted a moratorium on wind turbine development in the Town.

By notice of motion dated February 17, 2010, petitioners moved within the existing CPLR article 78 proceeding to enforce the stipulation of settlement pursuant to CPLR 2104. The Town cross-moved to vacate the settlement on the grounds that, inter alia, it is illegal and constituted "a gratuitous and invalid act to grant [petitioners] 'vested rights' where the [Town] Board ha[d] no authority to do so." Subsequently, the Town commenced a plenary proceeding seeking a declaration that the settlement is, inter alia, invalid and/or void. Petitioners moved to dismiss the Town's declaratory judgment action pursuant to, inter alia, CPLR 3211 (a) (4), as seeking relief already sought in the pending CPLR article 78 proceeding.

Supreme Court granted in part petitioners' motion to enforce the settlement agreement but concluded that petitioners had not obtained vested rights in a traditional sense because no substantial changes or improvements had been made to the real property. The court also

concluded that petitioners were prevented for 168 days from making such improvements because the Town Board could have approved and reached a Road Agreement with petitioners within that time and before the moratorium was enacted.  Thus, the court gave petitioners 168 days in which to make such improvements and obtain vested rights.  The court also denied the Town's cross motion to vacate the settlement agreement and denied petitioners' motion to dismiss the declaratory judgment action.

We conclude that the court should have granted in its entirety petitioners' motion to enforce the settlement agreement, and we therefore modify the judgment accordingly.  "Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230; *see Matter of Galasso*, 35 NY2d 319, 321).  "It is well settled that a stipulation of settlement is an independent contract subject to the principles of contract interpretation" (*Corrigan v Breen*, 241 AD2d 861, 863; *see H.K.S. Hunt Club v Town of Claverack*, 222 AD2d 769, 769, *lv denied* 89 NY2d 804), and a party will be relieved from the consequences of a stipulation made during litigation only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident (*see Hallock*, 64 NY2d at 230; *Matter of Frutiger*, 29 NY2d 143, 149-150).  Municipalities are treated no differently from private parties with respect to contractual obligations (*see People ex rel. Graves v Sohmer*, 207 NY 450, 457-458, *rearg denied* 208 NY 581).

Here, although the court properly determined that the Town did not meet its burden of demonstrating that the settlement agreement was the product of fraud, collusion, mistake or accident, the court erred in further determining the merits of the issue whether petitioners had acquired traditional "vested rights" in the project.  That issue was a predominate focus of the litigation, and it was fully and finally resolved by the settlement agreement.  Thus, the parties were bound by the terms of the settlement agreement, and the court was bound to enforce it (*see Matter of New York, Lackawanna & W. R.R. Co.*, 98 NY 447, 452-453).

In light of our determination with respect to the validity of the settlement agreement, we further modify the judgment by granting petitioners' motion to dismiss the Town's declaratory judgment action. We have considered the contentions raised by respondents on their cross appeal and conclude that they are without merit.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court