■ In the Matter of MICHAEL EDWARD WORTHINGTON, Appellant, v HOLLY LYNN WORTHINGTON, Respondent. [40 NYS3d 326]—Appeal from an order of the Supreme Court, Onondaga County (Kevin G. Young, J.), entered June 27, 2015 in a proceeding pursuant to Family Court Act article 6. The order summarily dismissed the petition of petitioner seeking to modify a judgment of divorce.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner father appeals from an order summarily dismissing his petition seeking to modify a judgment of divorce, into which a separate "Separation/Opting Out Agreement" was incorporated but not merged. Pursuant to that agreement, respondent mother was granted legal and physical custody of the parties' child, and the father was granted "no parenting time." In his petition, the father sought "to send [his daughter] letters." Although the petition also sought additional relief, as limited by his brief the father "is merely seeking contact via letters," and has thus abandoned any other relief sought in the petition (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]). Inasmuch as the judgment and agreement do not preclude the father from sending letters to his daughter, and that is all the relief he seeks on appeal, we conclude that the father is not aggrieved by the order dismissing his petition (see CPLR 5511; see generally Matter of Lisa M.H. v Gerald C.H., 35 AD3d 1188, 1188 [2006]). Present—Peradotto, J.P., Lindley, NeMoyer and Scudder, JJ.