**DURBIN PAPER STOCK COMPANY,**
**Plaintiff,**

v.

**Khundkar Khalid Ahmed HOSSAIN,**
**Defendant.**

**No. 81–1417–CIV–JWK.**

United States District Court,
S.D. Florida.

April 28, 1982.

Philip Bloom, Finley, Kumble, Wagner, Heine & Underberg, Miami, Fla., for plaintiff.

Arnold Hecker, Hollywood, Fla., for defendant.

**ORDER ON JURISDICTION**

KEHOE, District Judge.

This cause was tried before the Court without a jury on March 12, 1982. The defendant's sole defense during trial was predicated on the fact that the Court had no jurisdiction over his person since he was never properly served pursuant to Fed.R. Civ.P. 4(d). The plaintiff contended that the Court had personal jurisdiction over the defendant since the defendant was served through his agent, attorney Martin Bernsley, as permitted under 4(d)(1). A factual issue developed during trial involving Bernsley's status. The parties disputed whether Bernsley acted exclusively as the defendant's attorney or as the defendant's business agent. The Court reserved ruling on the jurisdictional issue and allowed the plaintiff to present its case in chief. The defendant rested without presenting any evidence on the merits of plaintiff's claim.

Rule 4(d)(1) of the Federal Rules of Civil Procedure governs the issue raised and authorizes service on an agent only if that agent is "authorized by appointment or by law to receive service of process." A person's attorney is not authorized to receive process simply because of his status as attorney. Service of process is not effectual on an attorney solely by reason of his capacity as an attorney. The party must have appointed his attorney as his agent for service of process before personal jurisdiction is obtained over the party by service on his attorney. See *Ransom v. Brennan,* 437 F.2d 513 (5th Cir.1971); *Miree v. United States,* 490 F.Supp. 768 (N.D.Ga.1980).

Plaintiff presented unrebutted evidence at trial that Bernsley was more than simply the defendant's attorney. Bernsley functioned as the exclusive liaison between plaintiff's representatives and the defendant on all matters relating to the joint venture agreement executed by the parties; he travelled constantly with the defendant and made all travel arrangements and hotel accommodations for defendant's party when defendant visited this country; he was the recipient of all correspondence be-

tween the plaintiff and the defendant; he gave directions and supervised the printing of brochures advertising the joint venture undertaken by the parties. Finally, evidence was adduced indicating that the defendant personally told plaintiff's representatives that Bernsley was his man in this country and to make all arrangements with him.

The Court also notes that neither the defendant, nor Bernsley, ever testified in this matter. No evidence was presented by the defendant to contradict the assertions made by plaintiff's witnesses.

After evaluating the evidence presented, the Court concludes that Bernsley was more than the defendant's attorney, he was the defendant's business agent in fact and was, therefore, an agent authorized by appointment to accept service of process. Accordingly, service on Bernsley pursuant to Fed. R.Civ.P. 4(d)(1) was tantamount to service upon the defendant himself. This Court has jurisdiction over the person of the defendant.

The Court will enter judgment in favor of the plaintiff on the merits. Plaintiff has 20 days from the date hereof in which to submit a proposed Order Containing Findings of Fact and Conclusions of Law, after which the Court will enter its Final Judgment.