CROCKER NATIONAL
BANK, Plaintiff,

v.

FOX & CO., et al., Defendants.

FIRST NATIONAL BANK OF
MINNEAPOLIS, Plaintiff,

v.

FOX & CO., et al., Defendants.

The FIRST NATIONAL BANK OF
SAINT PAUL, Plaintiff,

v.

FOX & CO., et al., Defendants.

MIDLANTIC NATIONAL
BANK, Plaintiff,

v.

FOX & CO., et al., Defendants.

The VALLEY NATIONAL BANK OF
ARIZONA, Plaintiff,

v.

FOX & CO., et al., Defendants.

BANK HAPOALIM, B.M., Plaintiff,

v.

FOX & CO., et al., Defendants.

Nos. 83 Civ. 1596(MJL) to 83
Civ. 1601(MJL).

United States District Court,
S.D. New York.

Oct. 28, 1984.

Stroock & Stroock & Lavan by Alan M. Klinger, Alvin K. Hellerstein, New York City, for plaintiffs.

Parker, Chapin, Flattau & Klimpl by Alvin M. Stein, Robert Carmen, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

The case at bar is part of a complex set of securities fraud cases pending before this Court. The substance of the dispute is irrelevant to the present motion and thus does not bear repeating herein. It is important to note, however, that all motion practice on these cases, other than this motion, has been stayed by the Court, pending certain negotiations.

Presently in issue is plaintiffs' claim for costs under the new [1] amendment to Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"). The rule states in pertinent part:

(C) A summons and complaint may be served upon a defendant of any class

---

1. Rule 4(c)(2)(C–D) became effective on February 26, 1983. Because the relevant section of the rule is relatively new, there are virtually no cases addressing the question of what constitutes "good cause." Nor is there any legislative history on point.

referred to in paragraph (1) or (3) of subdivision (d) of this rule.

\* \* \* \* \* \*

(ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

(D) Unless good cause is shown for not doing so the court shall order the payment of the costs of personal service by the person served if such person does not complete and return within 20 days after mailing, the notice and acknowledgment of receipt of summons.

Fed.R.Civ.P. 4(c)(2)(C–D).

Plaintiffs are suing approximately 400 people, all of whom are present or former partners in Fox & Co., a nationwide accounting firm. Plaintiffs allege that they served all defendants by mail in accordance with the new section of Rule 4. Only two of the 399 persons allegedly served returned the acknowledgment of service. Subsequently plaintiffs served 118 of the defendants pursuant to traditional service procedures.

Plaintiffs now move pursuant to Rule 4(c)(2)(D) for the cost of the personal service. Apparently, plaintiffs hope that an award of costs for the service of the 118 defendants will induce the other defendants to return their acknowledgments.

For the reasons stated below the Court finds that the application for costs is premature. Accordingly, the motion is denied with leave to renew at the appropriate time.

*Discussion*

■ At the outset it should be noted that the clear purpose of the new amendment to Rule 4 was one of simple economy. The new provision was intended to dispense with the need for service by the United States Marshals, thus freeing the Marshals for other duty. H.R. 7154, 97th Cong., 1st Sess., 128 Cong.Rec.H. 9848 (1982), *reprinted in* 96 F.R.D. 117 (1983).

Under the rule as finally adopted, plaintiffs may now simply mail the summons and complaint, along with a pre-stamped acknowledgment to the defendant. Defendants are then directed to return the acknowledgment form. If a defendant fails to return the form, the plaintiff is required to serve defendant in accordance with traditional personal service methods.[2] However Rule 4(c)(2)(D) authorizes recovery of the costs of the personal service unless "good cause" is shown for failing to return the acknowledgment. In theory, the new Rule 4 should all but eliminate the need for personal service, thus reducing litigation costs and the cost of legal services in general. *See*, Siegel, *Practice Commentary on Amendment of Federal Rule 4*, 96 F.R.D. 88 (1983).

*Jurisdiction*

Defendants argue against an award of costs on several grounds.[3] Their principal

---

**2.** Defendants argue that state service procedure is not available if the mail service fails. Professor Siegel acknowledges that this is an outstanding question. Siegel, *Practice Commentary on Amendment of Federal Rule 4*, 96 F.R.D. 88 (1983). In light of the disposition of this motion we need not reach a holding on this issue.

**3.** In light of the Court's holding on the issue of personal jurisdiction, we need not address defendants' other grounds or defendants' objection to attorney's fees as an element of cost. The

Court recognizes, however, that as Professor Siegel points out, certain types of attorney's costs may be recoverable under Rule 4. *See*, Siegel, *Practice Commentaries on F.R.C.P. Rule 4*, 28 U.S.C.A. Fed.R.Civ.P. foll. Rule 4 (West Suppl.1984). To the extent the Court may have foreclosed these costs at oral argument, the issue is now to be held open. The Court's statement as to attorney's fees was directed to the cost of litigating the instant motion, not the costs of preparing new process.

argument is that the Court lacks both personal and subject matter jurisdiction, thus it is without power to award costs. Since motion practice is stayed, the Court is not prepared to render a decision on jurisdiction at this time. Accordingly, the question before the Court is limited to whether a plaintiff may recover the costs of personal service prior to a finding of personal jurisdiction over the defendants.[4]

■ Plaintiffs argue that substantive and jurisdictional defenses are logically inconsistent with the spirit of the rule. They contend that Congress meant improper mailing or the like when it placed the "good cause" language in the rule.[5] While we agree with plaintiffs' interpretation of the spirit of the rule, we are constrained by the Constitution in interpreting its legal effects.

Defendants point out that "[t]he validity of an order of a federal court depends upon the court having jurisdiction over both the subject matter and the parties." *Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2103, 72 L.Ed.2d 492 (1982). Plaintiffs counter this argument by stating that courts always have jurisdiction to determine their own jurisdiction. *Stoll v. Gottlieb,* 305 U.S. 165, 171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938).

■ While plaintiffs' point is undoubtedly true, it misses the mark. The instant motion is not to determine the personal jurisdiction of this Court. That question is only properly raised by a Rule 12 motion or by Answer to the Complaint. Because determination of the jurisdictional questions must await the lifting of the stay, the question raised by this motion is whether the court can award costs in the absence of a prior determination that the court has *in personam* jurisdiction.

Counsel for plaintiffs suggest that this Court's holding in the related case of *Northwestern National Bank of Minneapolis v. Fox & Co., et al.,* 588 F.Supp. 76 No. 83 Civ. 1535 (S.D.N.Y. May 14, 1984) resolved all jurisdictional questions.[6] While it is true that this Court indicated that jurisdiction existed over the same defendants in a related case, it must be remembered that the opinion in *Northwestern National Bank* was made in the context of a motion for class certification, not a motion to dismiss for want of jurisdiction. Plaintiffs correctly acknowledge that collateral estoppel is not applicable since it is not properly applied until final judgment.

■ The Court made it clear to all parties that it would not address the jurisdictional issues until the stay was lifted. If this Court were to decide to apply the *Northwestern National Bank* holding here, it would in effect be a decision on a jurisdiction issue. Moreover, counsel for the defendants points out that there are other questions as to personal jurisdiction, beyond the question of whether the *Northwestern National Bank* case is applicable (e.g. the constitutionality of 15 U.S.C. § 78aa and whether defendants were in fact personally served.) See letter of Alvin M. Stein, dated August 27, 1984; *see also supra* note 2, at 5. In other words, even if the Court were prepared to make a ruling on the collateral application of the *Northwestern National Bank* case, it would be only a first step in deciding the question of

---

4. Since this Court finds that the question of personal jurisdiction is unresolved and that *in personam* jurisdiction is a prerequisite to an award of cost under Rule 4, this Court need not reach the question of whether subject matter jurisdiction is also a prerequisite to those costs. Clearly a different set of considerations apply to the question of subject matter jurisdiction and the result also may well be different. We will leave that for the future.

5. Attorneys for defendants argued that their clients had "good cause" not to acknowledge the

service because acknowledgment might constitute an implicit waiver of jurisdictional defenses. This argument is clearly wrong. It confuses service with jurisdiction. Acknowledging service under Rule 4(c) does nothing more than place the parties in the same position as if the defendants had been personally served, which is the exact state the parties are in now.

6. Letter of Alvin K. Hellerstein dated August 21, 1984.

*in personam* jurisdiction and *a fortiori,* the question of subject matter jurisdiction. It would be inappropriate for this Court to address the jurisdictional issues here (to any extent) when it indicated to the parties that resolution of those issues must wait. Moreover, as the parties have not briefed the jurisdictional issues, this Court will not make any ruling as to the applicability of *Northwestern National Bank* or jurisdiction generally, until it is properly presented in a motion to dismiss.

■ A judgment[7] against a person over whom a court does not have *in personam* jurisdiction violates due process and thus is constitutionally void. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1979). It is a long settled principle of jurisprudence that a court will not issue an order which cannot be enforced. Thus it would be wholly improper for this Court to award costs if it were without personal jurisdiction. Assessment of costs must await determination of the jurisdictional issues.

*Timing*

Plaintiffs infer that today's holding would do injury to the intended operation of Rule 4. They contend that the clear language of the rule requires that costs be awarded immediately. Moreover, they argue that without immediate assessment of costs the rule would lose its punitive effect.

The Court agrees with plaintiffs that in most circumstances costs under Rule 4 should be awarded early in the proceedings;[8] however, the unusual procedural background of this case mandates a different result. Because of the stay on motion practice, the Court cannot now decide whether a constitutional condition precedent to the awarding of costs is met.

7. In the context of this motion an order to pay costs is, in effect, a judgment.

8. The Court takes note of what Professor Siegel wrote on the subject:
   Whether they include attorneys' fees or not, costs under subparagraph (D) should, if otherwise warranted, be awardable to the plaintiff

■ The Court believes that the logical time to determine a Rule 4 motion for costs is at the time the defendants must contest *in personam* jurisdiction or waive all objections to it. In other words, a Rule 4 motion is properly heard at the same time that a Rule 12(b)(2) motion must be made under Rule 12(h). Fed.R.Civ.P. 12(b), (h). Since defendants cannot raise the defense of lack of personal jurisdiction until the stay is lifted, plaintiffs must also wait. Of course if costs are eventually awarded the Court will consider granting interest from the date of this Order.

Accordingly, plaintiffs' motion under Rule 4 is denied with leave to renew at the appropriate time.

It Is So Ordered.

without regard to how he fares on the merits. Nor should the plaintiff's application for the award have to abide the case's disposition on the merits.
Siegel, *Practice Commentaries on F.R.C.P. Rule 4,* 28 U.S.C.A. foll. Fed.R.Civ.P. Rule 4, 18, 38 (West Suppl.1984).