UNITED STATES of America, Plaintiff,

v.

### ZIEGLER BOLT AND PARTS COMPANY, Defendant.

Slip Op. 95–61.

Court No. 93–03–00162.

United States Court of International Trade.

April 12, 1995.

Frank W. Hunger, Asst. Atty. Gen. of the U.S., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, (Patricia L. Petty); Jeffrey Reim, Office of Chief Counsel, U.S. Customs Service, Washington, DC, of Counsel, for plaintiff.

Day, Ketterer, Raley, Wright & Rybolt, Canton, OH (Matthew Yackshaw), for defendant.

## OPINION

CARMAN, Judge:

Plaintiff commenced this action to recover civil penalties from defendant for violations of 19 U.S.C. § 1592 (1988) and to recover marking duties for violations of 19 U.S.C. § 1304 (1988). The United States Court of International Trade (CIT or Court) previously denied defendant's motion for summary judgment and plaintiff's motion for partial summary judgment and held, inter alia, there were material questions of fact, which facts were better left for determination at trial. *See United States v. Ziegler Bolt & Part Co.*, Slip Op. 95–3 at 11, 25, 1995 WL 13448 (Jan. 13, 1995). Trial is set for May 1, 1995.

Defendant now moves to quash service of process and to dismiss the complaint for lack of personal jurisdiction. Defendant claims plaintiff failed to effect service of process upon defendant, and therefore, the Court has no personal jurisdiction over defendant. Plaintiff bears the burden of establishing service of process was valid.[1] The

---

1. *See Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir.1980) ("[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.") (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (1st ed. 1969)), *cert. denied*, 451

Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1582 (1988).

### FACTS

Upon consideration of defendant's motion, and plaintiff's response thereto, and all other papers and pleadings had herein,[2] the Court finds:

Plaintiff commenced this action on March 15, 1993, by sending the summons and complaint to the Clerk of the Court by certified mail return receipt requested pursuant to U.S.CIT R. 5(e) (1993).[3] On the same day, plaintiff sent the summons, complaint, and a Notice and Acknowledgement of Receipt of Summons and Complaint (CIT Form 14) to Matthew Yackshaw, Esq., counsel for defendant, by certified mail return receipt requested. Mr. Yackshaw signed page two of CIT Form 14 (Acknowledgement Form), which is reprinted in full below with the text added by Mr. Yackshaw marked in bold:

Court No. 93–03–00162

CIT
Form 14

Page 2

*ACKNOWLEDGEMENT OF RECEIPT
OF SUMMONS AND
COMPLAINT*

I declare, under penalty of perjury, that I received a copy of the summons and complaint in the above-captioned matter at Canton, Ohio by certified mail, return receipt requested, on March 17, 1993.

/s/ Matthew Yackshaw
Signature

**Attorney for Defendant
Relationship to Entity/
Authority to Receive
Service of Process
April 5, 1993**
Date of Signature

On April 5, 1993, defendant filed its answer, which included among the several defenses:

### EIGHTH DEFENSE

The Court lacks personal jurisdiction over Defendant.

### NINTH DEFENSE

The Complaint is barred because of insufficiency of service of process upon Defendant.

(Answer at 2.) Mr. Yackshaw declares he "has never been authorized to accept service of process on behalf of Defendant on any matters, including this case." Defendant served its answer on plaintiff's counsel on April 5, 1993, and included the Acknowledgement Form.

The president and majority shareholder of the Ohio corporation Ziegler Bolt and Parts Company (Ziegler Bolt), William A. Ziegler, Sr., affirms he has served as the statutory agent for Ziegler Bolt from its inception to the present. Mr. Ziegler declares his status as statutory agent is a matter of public record on file with the Ohio Secretary of State's office. He understands Mr. Yackshaw received a summons, complaint, CIT Form 5, and CIT Form 14 from plaintiff's counsel on March 17, 1993. Mr. Ziegler states "No part of the package was ever served upon Ziegler Bolt or me as its statutory agent." He fur-

U.S. 1008, 101 S.Ct. 2345, 68 L.Ed.2d 861 (1981).

**2.** After a review of the parties' papers, including plaintiff's concession that, "[g]enerally, the facts as stated by the defendant are not in dispute," (Pl.'s Opp. to Def.'s Mot. to Quash Service of Process and to Dismiss Compl. (Pl.'s Br.) at 2), and in light of the absence of a request for a hearing in this matter, the Court determines a hearing is not necessary to resolve any factual issues occasioned by defendant's motion.

**3.** The Court amended its rules on October 5, 1994, with changes effective January 1, 1995.

Because plaintiff attempted service in this action prior to the rule.changes, all citations and discussions of the CIT rules in this opinion relate to the version of the rules in effect when service was attempted in this action—March 15, 1993. *See Hunt v. Department of the Air Force*, 787 F.Supp. 197, 199 (M.D.Fla.1992) ("The law in effect at the time of service continues to control the jurisdictional issue even though subsequent to that service ... a new statute or amendment has been enacted.") (citation omitted), *aff'd*, 29 F.3d 583 (11th Cir.1994).

ther attests, "No one else, including Matthew Yackshaw and the law firm of Day, Ketterer, Raley, Wright & Rybolt, have [sic] ever been authorized to accept service of process on behalf of Defendant on any matters, including this case." Plaintiff concedes it has no evidence that the summons and complaint were served on the offices of Ziegler Bolt or on its statutory agent, Mr. Ziegler.[4]

Mr. Yackshaw represented Ziegler Bolt before the United States Customs Service (Customs) at the administrative proceedings that took place before the commencement of this civil action. In a letter dated January 29, 1990, Mr. Yackshaw responded to an administrative summons Customs issued to Ziegler Bolt. Mr. Yackshaw closed the letter stating, "In the future, please forward to me a copy of any information request you may serve upon Ziegler Bolt."

Before this action commenced on March 15, 1993, plaintiff's counsel sent a letter to Mr. Yackshaw informing him that "Ziegler Bolt and Parts Co. and Arthur Paul Ziegler Penalty Case No. 89–4104–20136" had been referred to the Department of Justice for collection. The letter indicated the statute of limitations was set to expire on March 3, 1993, and advised Mr. Yackshaw that "In the event that you are interested in discussing this matter, we will need a waiver of the statute of limitations, to be executed by an appropriate officer of Ziegler as well as by Mr. Ziegler, along with a corporate resolution."

In preparation for trial, the parties filed a proposed pretrial order on January 20, 1995. In *Defendant's Statement on Jurisdiction* (Schedule B–2) of the proposed pretrial order, the defendant stated:

> Defendant contests personal jurisdiction based upon insufficiency of service of process and insufficiency of process. See CIT Rule 12(b)(3) & (4). The time limit for

making service of process has expired. See CIT Rule 4(h). Plaintiff never served the Company or the Company's statutory agent with process. See CIT Rule 4(d)(3).

(Proposed Pretrial Order at Sched. B–2.) The defenses raised in Schedule B–2 triggered a request from the Court for the parties to brief the defenses of insufficiency of service of process and insufficiency of process.[5]

## CONTENTIONS OF THE PARTIES

Defendant contends plaintiff failed to serve the defendant within 120 days after the action was commenced as required by U.S.CIT R. 4(h). Additionally, defendant maintains plaintiff has not shown good cause why service was not made within that period. (Def.'s Mot. to Quash Service of Process and to Dismiss Compl. (Def.'s Br.) at 3–4, 5 (citing *United States v. General Int'l Marketing Group*, 14 CIT 545, 742 F.Supp. 1173 (1990)).) Defendant asserts service upon a law firm retained by a corporate defendant is not considered sufficient service unless it is shown the law firm was specifically authorized and designated by defendant to receive service of process. (*Id.* at 4 (quoting *Davis–Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 508 (E.D.La.1985) and citing *Michelson v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 619 F.Supp. 727 (S.D.N.Y.1985); *Gibbs v. Hawaiian Eugenia Corp.*, 581 F.Supp. 1269 (S.D.N.Y.1984)).) Defendant maintains "Defendant's attorney was not statutory agent for Defendant and was not authorized to receive service of process." (*Id.*)

Moreover, defendant rejects any argument that Mr. Yackshaw's signature on the Acknowledgement Form "constitutes or is deemed to be service of process upon Defendant." (*Id.* at 5.) Defendant maintains that although the instructions in CIT Form 14 may be ambiguous, defendant clarified any

---

**4.** "The Plaintiff has found no evidence to contradict defendant's assertion that a copy of the summons and complaint was not served by mail or in person at the offices of the defendant or upon the defendant's designated representative to receive service of process, Mr. William Ziegler, Sr." (Pl.'s Br. at 2.)

**5.** Although defendant styles its defense as "insufficiency of process" in the proposed pretrial order, the affirmative defense raised in the answer and here by motion is "insufficiency of service of process." On March 15, 1995, the Court held a telephone status conference with counsel for plaintiff and counsel for defendant to discuss the proposed pretrial order. During this conference the Court requested briefing on these defenses.

ambiguity by raising the affirmative defenses of the lack of personal jurisdiction and the insufficiency of service of process in the answer. (*Id.*)

Plaintiff generally responds by claiming defendant was properly served in accordance with the Court's rules and that defendant has waived its privilege to assert the defenses of insufficiency of service of process and lack of personal jurisdiction. Plaintiff's first argues it followed the strictures of U.S.CIT R. 4(c)(1)(C)(ii) by mailing the summons and complaint to counsel for defendant, Mr. Yackshaw. Plaintiff maintains that the January 29, 1990, letter from Mr. Yackshaw to Customs and the February 24, 1993, letter from plaintiff's counsel to Mr. Yackshaw indicate Mr. Yackshaw "was representing the defendant regarding the penalty notice that issued in November, 1989, and regarding the Government's subsequent actions to collect the penalty." (Pl.'s Br. at 6.) Thus, when Mr. Yackshaw returned the Acknowledgement Form that accompanied the summons and complaint to plaintiff's counsel, "the Government was led to believe ... that service by mail to Mr. Yackshaw was sufficient and that personal service of the complaint and summons, as provided indicated [sic] in Rule 4(d)(3), would not be necessary." (*Id.*) As the plaintiff perceives it,

> Because counsel for the defendant, Mr. Yackshaw, timely returned the acknowledgement, with no indication that he was not authorized to accept service on behalf of the defendant, there was no reason for the Government to suspect that service by this method authorized under the Rules was defective in any way.

(*Id.* at 7; *see also id.* at 8 ("The acknowledgement of service returned by the defendant contains no suggestion that the defendant did not consent to this type of service.").)

Plaintiff rejects defendant's argument that the Acknowledgement Form should be read in conjunction with the answer, which raised the affirmative defenses of lack of personal jurisdiction and insufficiency of service of process, thereby giving plaintiff notice defendant was contesting service of process. (*Id.* at 8 (citing Def.'s Br. at 3).) Plaintiff charac-terizes these two affirmative defenses in the answer as "part of a laundry list of affirmative defenses" and argues,

> Because the acknowledgement of service of process was timely returned, there was no reason to interpret the defense of insufficiency of process [sic] to be more than a part of a listing of all possible defenses that the defendant may or may not pursue.

(*Id.*)

Turning to plaintiff's second argument, plaintiff attempts to distinguish the cases cited by defendant and argues mail service upon Mr. Yackshaw was effective because Mr. Yackshaw had implicit authority to accept service on behalf of defendant. (*Id.* at 9–11 (discussing *General Int'l Marketing Group; Gibbs;* and *Michelson*).) First, plaintiff argues *General Int'l Marketing Group* is "factually distinguishable from this case" because the issue in that case was whether the government showed good cause why the defendants were not served within 120 days after the complaint was filed with the Court as required by U.S.CIT R. 4(h). (*Id.* at 9 (citation omitted).) Furthermore, while plaintiff agrees with defendant that the CIT in *General Int'l Marketing Group* declared "service upon the attorney for a defendant did not constitute sufficient service absent authority of the attorney to accept service of process," plaintiff characterizes this pronouncement as dicta. (*Id.* at 10.) Second, plaintiff maintains the court in *Gibbs* determined that "service upon a law firm of a company that was not located within the state where the lawsuit was filed was insufficient where the law firm performed mostly 'professional functions' and there was no evidence that the law firm was an agent for any purpose." (*Id.* at 10–11 (citing *Gibbs,* 581 F.Supp. at 1271).) In this action, plaintiff argues,

> Mr. Yackshaw represented the defendant during the administrative proceedings of this case as well as engaged in communications with counsel for the plaintiff prior to the filing of the complaint, suggesting that he had implicit authority to accept service on behalf of the defendant.

(*Id.* at 11.) Finally, in contrast to *Michelson,* where the court and plaintiff were aware the

law firm was not authorized to accept service on behalf of its client, plaintiff claims defendant's conduct in the present case induced plaintiff to believe service was perfected:

> Here, by its motion, the defendant for the first time advises the Court and the plaintiff that Mr. Yackshaw did not have authority to accept service of process on behalf of the defendant. The defendant, through Mr. Yackshaw, has extensively participated in discovery and filed various motions. Based upon participation by the defendant, through its attorney, Mr. Yackshaw, the plaintiff ws [sic] led to believe that Mr. Yackshaw was implicitly authorized to accept service on behalf of the defendant.

(*Id.*)

Plaintiff's third argument is that assuming arguendo Mr. Yackshaw did not have explicit or implicit authority to accept service of process on behalf of defendant, defendant waived its defenses of lack of personal jurisdiction and insufficiency of service of process. (*Id.* at 12–16.) Plaintiff admits that "[t]echnically, the defendant did not waive these defenses because they were asserted in the defendant's answer." (*Id.* at 13.) Plaintiff argues, however, these defenses are not preserved " 'in perpetuity.' " (*Id.* (quoting *Burton v. Northern Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y.1985) and citing several cases for the proposition that "[t]hese privileged defenses may be waived by 'formal submission in a cause, or by submission through conduct.' ") (citations omitted).) Instead, plaintiff contends defendant waived the two defenses by "fail[ing] to pursue the two defenses at issue until the Court inquired about the defenses" during the telephone status conference on March 15, 1995. (*Id.* at 14–15.) Furthermore, plaintiff suggests, "defendant has demonstrated that it was on notice of the charges contained in the complaint." (*Id.* at 15.)

---

**6.** Plaintiff also contends defendant fails to mention the affirmative defense of insufficiency of service of process in the proposed joint pretrial order and therefore, defendant "is deemed to have abandoned this affirmative defense." (Pl.'s Br. at 3 n. 3 (citation omitted).) The Court notes, however, that defendant clearly articulated

To advance its argument defendant waived the two affirmative defenses, plaintiff also alleges defendant's pending motion to dismiss the complaint on the grounds of lack of personal jurisdiction is "unseasonable and also is waived pursuant to Rule 12(g)." (*Id.*) Plaintiff argues U.S.CIT R. 12(g) requires a party to assert all of its defenses and objections at the same time, with some exceptions, or the party will be precluded from raising them later. (*Id.*) Plaintiff reasons "Rule 12(g) has been read broadly to include not only motions previously filed pursuant to Rule 12, but Rule 56 summary judgment motions as well." (*Id.* at 16 (citing *Burton*, 106 F.R.D. at 481).) Thus, when defendant moved for summary judgment and failed to raise the defenses of insufficiency of service of process and lack of personal jurisdiction, plaintiff contends, defendant waived those defenses.[6] (*Id.* ("To permit the defendant to raise lack of personal jurisdiction so late in the litigation, just prior to trial, contravenes the spirit of Rule 12(g), which is to consolidate a party's defenses, and would encourage piecemeal determinations of the validity of defenses.") (citation omitted).)

## DISCUSSION

### A. *U.S.CIT R. 4—Service of Summons and Complaint*

The Court's rules provide several ways to serve a defendant. *See* U.S.CIT R. 4(c). The method chosen by the plaintiff in this action provides:

> (C) A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (3) of subdivision (d) of this rule—
>
> . . . .
>
> (ii) by mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment which shall be substantially in the form set forth in Form 14 of

---

its concern regarding service of process in the proposed order. (*See* Proposed Pretrial Order at Sched. B–2 ("Defendant contests personal jurisdiction *based upon insufficiency of service of process . . . .*") (citing U.S. CIT R. 12(b)(4)) (emphasis added).)

the Appendix of Forms and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of this rule is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).

U.S.CIT R. 4(c)(1)(C)(ii). The "person to be served" in the instant action was the Ohio corporation, Ziegler Bolt. The Court's rules require service upon a corporation to be made by

delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service, and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

U.S.CIT R. 4(d)(3). Regardless of the type of service employed, the rules mandate service of the summons and complaint to be made within 120 days after the action is commenced unless the party attempting service can show good cause why such service was not made within that period.[7]

### B. *Return of the Acknowledgement Form*

Plaintiff argues it was "led to believe ... service by mail to Mr. Yackshaw was sufficient" because Mr. Yackshaw returned the Acknowledgement Form accompanying the summons and complaint "with no indication that he was not authorized to accept service on behalf of the defendant." (Pl.'s Br. at 6, 7.) Plaintiff's argument fails first because Mr. Yackshaw was not the "person to be served" under Rule 4 and therefore plaintiff's mailing of the summons and complaint to Mr.

Yackshaw was without effect. *See* U.S.CIT R. 4(c)(1)(C)(ii). Second, even if Mr. Yackshaw was the proper person to be served, return of the Acknowledgement Form does not constitute consent to the manner of service. Finally, the Court finds no requirement in the rules that the signatory of the Acknowledgement Form must state objections to service on the Form.

■ Plaintiff's action was against Ziegler Bolt and it is Ziegler Bolt the plaintiff was required to serve under the rules. As discussed below, Mr. Yackshaw had no authority, express or implied, to accept service of process on behalf of Ziegler Bolt. Therefore, the plaintiff simply sent the summons and complaint to the wrong person. Mr. Yackshaw's return of the Acknowledgement Form merely informs plaintiff that Mr. Yackshaw *received* the documents the plaintiff sent—it says nothing about whether attempted service was on the correct person.

■ Assuming for the sake of argument that Mr. Yackshaw was the proper person to be served, his return of the Acknowledgement Form does not manifest defendant's consent to the manner of service. Because the Court's rules are substantially the same as the Federal Rules of Civil Procedure (FRCP),[8] the Court has found it appropriate to consider decisions and commentary on the FRCP for guidance in interpreting its own rules. *See Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT 182, 185–86, 763 F.Supp. 614, 617 (1991) (Re, C.J.) (stating that because the Court's rules mirror the FRCP, "it is without question that this court may look to the decisions and commentary on the Federal Rules in the interpretation of its own rules") (citations omitted). The CIT Form 14 is virtually identical to Form 18–A

---

**7.** The time for service requirement is found in Rule 4(h):

If a service of the summons and complaint is not made upon a defendant within 120 days after the action is commenced and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

U.S. CIT R. 4(h).

**8.** The FRCP were amended on April 22, 1993, with changes effective December 1, 1993. Because plaintiff attempted service in this action prior to the rule changes, all citations and discussions of the FRCP in this opinion relate to the version of the rules in effect when service was attempted in this action—March 15, 1993. *See supra* note 3.

of the FRCP.[9] *See* Fed.R.Civ.P. Appendix of Forms Form 18–A (1992), *superseded by* Forms 1A and 1B (eff. Dec. 1, 1993).

In construing the significance of FRCP Form 18–A, courts have rejected the argument that return of the form constitutes a consent to service of process or acts as a waiver of any objection to the manner of service. *See Crocker Nat'l Bank v. Fox & Co.,* 103 F.R.D. 388 (S.D.N.Y.1984); *William B. May Co. v. Hyatt,* 98 F.R.D. 569 (S.D.N.Y. 1983). One court noted the language in Form 18–A is of "such compelling tone that parties receiving it would feel required to complete and return it whether they believed—or even knew—that there was a valid objection to the manner of service or not." *William B. May Co.,* 98 F.R.D. at 571 (construing an acknowledgement form that substantially duplicates Form 18–A). Thus, it is "inappropriate to treat mere return of the form as a waiver of any objections to the manner of service." *Id.* In another case where counsel for defendants argued they did not return the Acknowledgement Form because they feared acknowledgement might constitute an implicit waiver of jurisdictional defenses, the court responded: "This argument is clearly wrong. It confuses service with jurisdiction." *Crocker Nat'l Bank,* 103 F.R.D. at 391 n. 5; *see also* 4A Wright & Miller § 1092.1 at 59 ("Acknowledging receipt of service by mail does not waive defendant's right to challenge sufficiency of service."). This Court agrees, finding the return of the Acknowledgement Form alone does not constitute consent to service or act as a waiver of any objection to the manner of service.

■ Again assuming arguendo Mr. Yackshaw was the proper person to be served, the Court is unpersuaded by plaintiff's argument that Mr. Yackshaw accepted service on behalf of Ziegler Bolt by returning the Acknowledgement Form without noting any objections to service. There is no requirement, either in the instructions accompanying CIT Form 14 or in U.S. CIT R. 4(c)(1)(C)(ii), that the signatory of the Acknowledgement Form indicate any objections to the manner of service on the form. Furthermore, U.S. CIT R. 12(b) requires challenges to service or personal jurisdiction be asserted in a responsive pleading or by motion—precisely the course taken by defendant when it raised the defenses in the answer. If plaintiff believed it had no indication defendant was not authorized to receive process, any such delusion should have been dispelled by a reading of the answer where the defendant informed plaintiff that something was amiss with service in this action. Instead, plaintiff apparently chose to disregard this portion of the answer as "part of a laundry list of affirmative defenses." (*See* Pl.'s Br. at 8.)

### C. Agency and Service of Process

■ Mr. Yackshaw affirms he has "never been authorized to accept service of process on behalf of Defendant on any matters, including this case." (Yackshaw Aff. ¶ 7.) Mr. William A. Ziegler, Sr. declares that no one other than he has "ever been authorized to accept service of process on behalf of Defendant on any matters, including this case." (Ziegler Aff. ¶ 6.) Plaintiff does not dispute this. In fact, plaintiff admits Mr. Yackshaw signed the Acknowledgement Form "in his position as the attorney for the defendant." (Pl.'s Br. at 2.) Plaintiff insists, however, that Mr. Yackshaw, as attorney for the defendant, was the proper party to serve in this action. (*See id.* at 6.) Thus, the thrust of plaintiff's argument is that Mr. Yackshaw had the implicit authority to receive service of process on behalf of the corporation. (*See, e.g., id.* at 11.) The Court notes, however, mere acceptance of service does not evidence the authority to accept service on behalf of the principal. *United States v. Marple Community Record, Inc.,* 335 F.Supp. 95, 102 (E.D.Pa.1971) ("Obviously, something more than mere acceptance must be shown to demonstrate an agency relationship for this spe-

**9.** The only difference between CIT Form 14 and FRCP Form 18–A is the rule cited in the text of each form as the authority for using each form. In FRCP Form 18–A, the second paragraph states, "The enclosed summons and complaint are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure." In contrast, the corresponding paragraph in the CIT Form 14 states, "The enclosed summons and complaint are served pursuant to Rule 4(c)(1)(C)(ii) of the Rules of the United States Court of International Trade."

cific purpose [of accepting service].") (quoting James W. Moore, *Moore's Federal Practice* § 4.12 (2nd ed.)).

■■■ Plaintiff's argument of implicit authority hinges on Mr. Yackshaw's prior representation of Ziegler Bolt at the administrative proceedings and on defendant's conduct in this action. (*See id.* at 6, 11.) The Court is unpersuaded by this argument. It is an elementary law of agency that "any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process." *Schwarz v. Thomas,* 222 F.2d 305, 308 (D.C.Cir.1955); *see also* 4A Wright & Miller § 1097 at 85–86 ("[D]efendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place."). Thus, an attorney is not authorized to receive service of process solely by reason of the attorney's status as counsel. *Durbin Paper Stock Co. v. Hossain,* 97 F.R.D. 639, 639 (S.D.Fla. 1982) (citing *Ransom v. Brennan,* 437 F.2d 513, 518 (5th Cir.), *cert. denied,* 403 U.S. 904, 91 S.Ct. 2205, 29 L.Ed.2d 680 (1971)); *see also Stone v. Bank of Commerce,* 174 U.S. 412, 421, 19 S.Ct. 747, 750–51, 43 L.Ed. 1028 (1899) (holding attorney cannot "accept service of process which commences the action without any authority to do so from his principal"). If agency is to be implied, " 'it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer.' " *Gibbs,* 581 F.Supp. at 1271 (quoting *United States v. Bosurgi,* 343 F.Supp. 815, 817–18 (S.D.N.Y.1972) (footnotes omitted) (further citation omitted)).[10]

■■■ Plaintiff relies on the communications in the form of two letters between the government and Mr. Yackshaw prior to the filing of the complaint for its assertion that Mr. Yackshaw was "representing the defendant regarding the penalty notice . . . and regarding the Government's subsequent actions to collect the penalty." (Pl.'s Br. at 6 (citation omitted).) The first letter from Mr. Yackshaw to Customs pertains solely to the administrative penalty stage of the proceedings and although arising from the same transactions, it is separate and distinct from this civil action. Courts generally have held that an attorney representing a defendant in one action has no implied authority to accept service of process on behalf of the client in another action. *See J. & L. Parking Corp. v. United States,* 834 F.Supp. 99, 102 (S.D.N.Y. 1993) (finding an attorney did not become a client's agent for service of process simply because the attorney represented the client in an earlier "albeit related" action) (citations omitted), *aff'd,* 23 F.3d 397 (2nd Cir.1994); *Davis–Wilson v. Hilton Hotels Corp.,* 106 F.R.D. 505, 508 (E.D.La.1985) ("Service cannot generally be made on an attorney retained by a corporate defendant, unless the attorney has been specially authorized and designated by defendant to receive service of process.") (citations omitted). The Court rejects any assertion that Mr. Yackshaw's representation of Ziegler Bolt in an administrative proceeding commenced under rules and standards different from this civil action bestows upon Mr. Yackshaw the implied authority to accept service in this action.

Furthermore, the last sentence of the letter Mr. Yackshaw sent to Customs states, "In the future, please forward to me a copy of any information request *you may serve upon Ziegler Bolt.*" (Letter from Matthew Yackshaw to Thomas Guastini, Customs Special Agent of 1/29/90 at 2, *reprinted in* Pl.'s Br.App. at 2 (emphasis added).) If Mr. Yackshaw had the authority to accept service of process on behalf of Ziegler Bolt, there would have been no need to include this language in the letter to Customs. This constitutes additional evidence, furnished by the plaintiff, that Mr. Yackshaw did not have

**10.** In one case where an attorney was deemed able to receive service on behalf of defendant, the attorney enjoyed broad powers to bind the principal. *See, e.g., Durbin Paper Stock,* 97 F.R.D. at 639–40 (finding attorney who was exclusive liaison between plaintiff and defendant on all matters relating to joint venture agreement, travelled constantly with defendant, received all correspondence between plaintiff and defendant, and held himself out as person with whom to make all arrangements was "more than the defendant's attorney, he was the defendant's business agent in fact"). In the present case, however, no evidence has been submitted suggesting Mr. Yackshaw has the power to bind defendant Ziegler Bolt on any matters.

the authority to accept service of process on behalf of Ziegler Bolt.

The second letter plaintiff cites to support its argument that Mr. Yackshaw was representing the defendant is a letter from plaintiff's counsel to Mr. Yackshaw before this civil action was commenced. (*See* Letter from Patricia L. Petty to Matthew Yackshaw of 2/24/93, *reprinted in* Pl.'s Br.App. at 3.) There is no indication in the letter that Mr. Yackshaw agreed to represent Ziegler Bolt in any subsequent civil action. In the letter, plaintiff's counsel refers to the impending expiration of the statute of limitations and requests, "In the event that you are interested in discussing this matter, we will need a waiver of the statute of limitations, *to be executed by an appropriate officer of Ziegler as well as by Mr. Ziegler,* along with a corporate resolution." (*Id.* (emphasis added).) This language undermines plaintiff's assertion that Mr. Yackshaw had the authority to act as a general agent for Ziegler Bolt. That is, if Mr. Yackshaw had general authority to act on behalf of the corporation, there would have been no need to refer to "an appropriate officer of Ziegler" as the person with authority to sign the waiver.

■ Plaintiff also alleges defendant's conduct induced plaintiff to believe service upon Mr. Yackshaw was proper. Plaintiff's assertion that "by its motion, the defendant for the first time advises the Court and the plaintiff that Mr. Yackshaw did not have authority to accept service" is unfounded. (Pl.'s Br. at 11.) Defendant raised two affirmative defenses relating to service in its answer thereby alerting plaintiff that defendant was challenging service of process. This was all defendant was obligated to do under the rules. *See* U.S. CIT R. 12(b). Defendant had no obligation to explain the insufficiency of service of process or the Court's lack of personal jurisdiction in its answer. A straightforward reading of the rules reveals that defendant need only assert those defenses to preserve them. *See* U.S. CIT R. 12(b), (h).

■ Plaintiff's argument that because defendant "has extensively participated in discovery and filed various motions," plaintiff was "led to believe that Mr. Yackshaw was implicitly authorized to accept service on behalf of defendant" is similarly flawed. Defendant's participation to protect its interests was not designed to mislead plaintiff that somehow Mr. Yackshaw had been implicitly authorized to accept service of process on behalf of Ziegler Bolt. Defendant was only endeavoring to defend itself. Presumably, defendant chose to participate in discovery and not raise the defenses asserted in the answer by motion because it furthered defendant's interests so to do. Following plaintiff's reasoning, defendant should have sat on its hands after asserting its defenses in the answer. Defendant wisely chose to avoid this tack and the possibility of discovery sanctions or worse, a potential default. The Court perceives no reason to penalize defendant for defending itself with vigor.

### D. *Waiver of Affirmative Defenses*

■ Plaintiff contends defendant waived its defenses of insufficiency of service of process and lack of personal jurisdiction by failing to pursue these defenses and by not raising them in defendant's summary judgment motion. By participating in discovery and filing motions to preserve its interest, plaintiffs suggests, defendant submitted itself *in personam* to the jurisdiction of this Court and waived the insufficiency of service of process defense raised affirmatively in the answer. The Court is unpersuaded by plaintiff's arguments and finds defendant acted in accord with the Court's rules and duly preserved its defenses by raising them in the answer.

■ It is axiomatic that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). The rule governing the service of a summon and complaint in this Court is substantially the same as FRCP 4 and is to be construed strictly because "absent waiver, incomplete or improper service will lead the court to dismiss the action." *Grammenos v. Lemos,* 457 F.2d 1067, 1070 (2nd Cir.1972) (discussing FRCP 4) (citations

omitted); *see also Gulley v. Mayo Found.,* 886 F.2d 161, 165 (8th Cir.1989) (stating majority rule is that "the provisions of Rule 4(c)(2)(C)(ii) are to be strictly complied with") (citations and internal quotations omitted).[11] There is no dispute defendant preserved the affirmative defenses of the lack of personal jurisdiction and insufficiency of service of process when defendant included those defenses in its first responsive pleading—the answer to the complaint. *See* U.S. CIT R. 12(b), (h).

Plaintiff's contention that defenses duly preserved under the rules can be waived by subsequent conduct, may have force in some circumstances, but none appear here. Plaintiff received timely notice of defendant's affirmative defenses at the earliest possible time in the proceeding. Plaintiff now complains defendant's conduct somehow misled plaintiff. If plaintiff had proceeded with diligence in pursuing its remedies as to the affirmative defenses raised in the answer, plaintiff could easily have cured the jurisdictional defects asserted by defendant. Defendant's obligation to plaintiff ended when defendant properly served plaintiff with the answer. The Court finds the defendant promptly and adequately notified plaintiff of its defenses.

■■■ Plaintiff alleges defendant abandoned its defense of the lack of personal jurisdiction and indicated its intent to submit to this Court's jurisdiction because it had notice of the complaint and because defendant actively participated in this action through discovery and the filing and responding to numerous motions. (*See* Pl.'s Br. at 15.) The Court has little difficulty rejecting plaintiff's contention that actual notice cures defective service of process. Courts have long recognized that actual knowledge of a claim is insufficient to confer jurisdiction over the person. *See Grand Entertainment Group Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 492 (3rd Cir.1993) ("[N]otice cannot by itself validate an otherwise

defective service. Proper service is still a prerequisite to personal jurisdiction.... Notice to a defendant that he has been sued does not cure defective service."); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir.1991) ("actual knowledge of the law suit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii)") (citations omitted); *Ransom,* 437 F.2d at 518 ("[C]learly mere notice is not a sufficient ground upon which a court can sustain the validity of service of process....") (citation and internal quotations omitted).

Plaintiff's argument that defendant's participation in this action bars defendant from asserting its defenses also fails. *See Classic Motel, Inc. v. Coral Group, Ltd.,* 149 F.R.D. 528, 532 (S.D.Miss.1993) (Defendant's "participation in this case prior to this court's ruling on a dispositive motion waive his right to assert the defense of lack of personal jurisdiction which [defendant] preserved when he raised it in his responsive pleading."). In *Schwarz,* the Court of Appeals rejected the argument that service made on an unauthorized person may not be quashed because of a lapse of time in moving to quash. *Schwarz,* 222 F.2d at 309. The court cited an earlier case of defective service where the District of Columbia Circuit held:

> If in fact there were no service, the proceedings as to [defendant] were void from the very outset.... No lapse of time can serve the plaintiff. The lack of jurisdiction of the court cannot be cured by the running of months or even years where the court had no jurisdiction to proceed against [defendant] in the first place.

*Williams v. Capital Transit Co.,* 215 F.2d 487, 490 (D.C.Cir.1954) (citations omitted) (quoted in *Schwarz,* 222 F.2d at 309).

Some courts appear willing to foist upon defendants who challenge service the obligation, not found in the rules, to seek discovery immediately to ascertain whether service was proper and if service was not proper, to move to dismiss at the earliest opportunity.[12]

---

**11.** Although some courts believe "[s]trict conformity with the provisions of [FRCP 4] is not required in every instance," *Krank v. Express Funding Corp.,* 133 F.R.D. 14, 17 (S.D.N.Y.1990), the "Rules are, of course, to be construed so as

to do substantial justice." *Santos v. State Farm Fire and Casualty Co.,* 902 F.2d 1092, 1096 (2nd Cir.1990).

**12.** *Burton,* 106 F.R.D. at 481. *See also Santos,* 902 F.2d at 1095 (stating "to the extent that a

This Court rejects the adoption of court-imposed obligations unauthorized by the rules that may effectively force defendants to waive their legitimate affirmative defenses, such as the statute of limitations, which have been properly asserted in their answers. Defendants should not be obligated beyond that which is required by the rules to further educate inattentive plaintiffs that service of process is defective. Furthermore, there is no standard authorized by the rules for courts to properly measure such obligations. This Court believes the better practice and the one consistent with procedural fairness is to abide by the Court's rules and require only that the defendant raise its defenses in a timely manner. Defendant's obligation is to abide by the directive in the Court's rules to "state in short and plain terms the party's defenses." U.S. CIT R. 8(c). The plaintiff is then on notice and is in the best position to challenge the defenses raised. Plaintiff chose to ignore the defenses raised in the answer at its own peril. Apparently, plaintiff failed to take notice of the affirmative defenses, given plaintiff's characterization of the defenses as a "part of a laundry list" of "possible defenses that the defendant may or may not pursue." (Pl.'s Br. at 8.)

Once defendant raised its defenses, thereby preserving them under the rules, defendant had the right to strategically and tactically decide the most advantageous time to assert them. For example, defendant might have perceived it advantageous to raise the defenses at the time of trial or by timely motion. In any event, once the defenses were raised in the answer, plaintiff had early notice and ample opportunity to cure any defects in service of process. Plaintiff can hardly be heard to complain at this juncture that defendant did not give further notice of its defenses. To find otherwise and permit plaintiffs to ignore affirmative defenses raised in the answer in such a cavalier manner would seem to undermine an important purpose of the rules—fair notice.

■ Plaintiff further argues defendant's pending motion is "unseasonable and ... waived pursuant to Rule 12(g)," which provides:

> (g) *Consolidation of Defenses in Motion.* A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) of this rule on any of the grounds there stated.

U.S. CIT R. 12(g). The immediate difficulty with plaintiff's argument is that Rule 12(g) pertains to motions made under Rule 12. 5A Wright & Miller § 1386 at 731 ("The prohibition in Rule 12(g) against successive motions expressly covers only motions under 'this rule,' which, of course, means motions authorized by Rule 12."). Prior to the pending motion, however, defendant had not filed a Rule 12 motion in this action. Defendant's summary judgment motion was filed pursuant to U.S.CIT R. 56. (Def.'s Mot. for Summ. J. at 1.) Plaintiff addresses this disparity by arguing Rule 12(g) has been read broadly to include not only Rule 12 motions, but Rule 56 summary judgment motions as well. (Pl.'s Br. at 16 (citing *Burton,* 106 F.R.D. at 481).) In *Burton,* the court considered whether the defendant was barred from moving to dismiss based on allegations of lack of personal jurisdiction after defendant had asserted that defense in its answer. *Burton,* 106 F.R.D. at 480. The defendant, however, failed to raise the defense in its motion for summary judgment. The court stated in dicta, "Although defendants are not barred by the literal provisions of Rule 12(g), their failure to include objections to service of process in their Rule 56 motion is another example of their failure to take advantage of an opportunity to contest service of process."

defense of lack of personal jurisdiction is based on delivery of the summons and complaint to a non-agent of the defendant, that basis should be clearly specified") (citation omitted). *Contra Benjamin v. Grosnick,* 999 F.2d 590, 592 (1st Cir.1993) (considering a Rule 4(j) determination, "there is no requirement that a defendant specify the source of the defect in the service"), *cert. denied,* —— U.S. ——, 114 S.Ct. 1057, 127 L.Ed.2d 377 (1994).

*Burton,* 106 F.R.D. at 482 (citing Wright & Miller § 1387 at 843).[13]   Interestingly, Wright & Miller mention *Burton* in the revised edition of their text commenting,

> A motion for summary judgment under Rule 56 is not a Rule 12 motion and technically subdivision (g) [of Rule 12] does not prohibit a later filed Rule 12(b) motion. However, at least one court has recognized that the spirit of Rule 12(g) is violated when a motion challenging service of process is filed after a summary judgment motion was made.

5A Wright & Miller § 1387 at 734 (citing *Burton,* 106 F.R.D. at 482). The commentators continue stating, "This seems sound since *when both the Rule 12 and the summary judgment motions present similar grounds for dismissal,* the policies underlying the consolidation philosophy of Rule 12(g) begin to become relevant." *Id.* (emphasis added). In this action, however, the grounds defendant raised in its summary judgment motion[14] are not similar to the grounds raised in the pending motion to quash service and to dismiss the complaint—insufficiency of service of process and lack of personal jurisdiction. Because no congruence exists in the grounds for dismissal in the two motions, the policy concerns raised by *Burton* and Wright & Miller do not come into play.

Additionally, when defendant filed its Rule 56 motion for summary judgment, defendant made clear it was moving for summary judgment only on those issues where the facts were undisputed. Defendant stated, "In light of certain undisputed facts, Ziegler Bolt believes it is appropriate to move for summary judgment at this time." (Def.'s Mot.

for Summ. J. at 4 (footnote omitted).) Defendant recognized there were other issues, perhaps including its defenses of insufficiency of service of process and lack of personal jurisdiction, that defendant could not raise because the facts were in dispute. (*Id.* at 4 n. 1 ("While the facts supporting Ziegler Bolt's motion for summary judgment are clear and undisputed in the record of this case, there are numerous questions of fact related to many of the key allegations of Plaintiff's complaint....").) The Court therefore rejects plaintiff's argument that defendant waived the defenses asserted here by failing to raise the defenses in its motion for summary judgment.

### CONCLUSION

On the basis of the foregoing findings and discussion of law, the Court reaches the following conclusions of law. Mr. Yackshaw, counsel for defendant, had no express or implied authority to accept service of process on behalf of defendant corporation Ziegler Bolt. The return of the signed Acknowledgement Form in this action did not constitute acceptance of service on behalf of Ziegler Bolt. Defendant properly preserved the defenses of insufficiency of service of process and lack of personal jurisdiction by raising the defenses in the answer in accordance with the Court's rules. Neither defendant's participation in this action nor defendant's filing of a motion for summary judgment waived the defenses raised in defendant's answer. Plaintiff failed to effect service of the summons and complaint upon defendant Ziegler Bolt within 120 days after the action was commenced as required by U.S. CIT R.

---

**13.** It is not clear, however, that it would be proper to raise the defenses of insufficiency of service of process and lack of personal jurisdiction in a summary judgment motion. As one court stated, because "the defense of improper service involves a matter in abatement and does not go to the merits of the action, the present application is improperly brought by a motion for summary judgment under Rule 56 F.R.Civ. Pro." *Marple Community Record, Inc.,* 335 F.Supp. at 101; *see also Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 883 (Fed.Cir. 1985) (declaring motion to dismiss for lack of subject matter jurisdiction improperly raised in summary judgment motion because motion for summary judgment seeks judgment on the merits

while a motion to dismiss "seeks a judgment in abatement, in that it does not bar future claims"), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

**14.** In its summary judgment motion, defendant sought judgment in its favor asserting: (1) the action was barred by the statute of limitations; (2) a lack of specific evidence of fraud; (3) a denial of administrative substantive and procedural due process; (4) a violation of the double jeopardy clause; and (5) a violation of the excessive fines clause. *See United States v. Ziegler Bolt & Parts Co.,* Slip Op. 95–3 at 7–8, 1995 WL 13448 (Jan. 13, 1995).

4(h) (1993) and therefore this action is dismissed.[15]

## JUDGMENT

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that defendant's motion to quash service of process is granted; and it is further

**ORDERED** that defendant's motion to dismiss the complaint for lack of personal jurisdiction is granted; and it is further

**ORDERED** that this action is dismissed.

**15.** "Dismissal of an action is mandatory under Rule 4(j) when the 120 day limit is violated unless 'good cause' can be shown." *Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2nd Cir.1989), *cert. denied,* 494 U.S. 1028, 110 S.Ct. 1474, 108 L.Ed.2d 611 (1990). The Court's Rule 4(h) is the same as the FRCP 4(j) in that it permits service beyond 120 days from commencement of the action upon a showing of good cause why plaintiff was unable to serve within that time. *See* U.S.CIT R. 4(h). Plaintiff has not invoked the good cause exception, even in the alternative. The Court discerns no good cause evident here considering plaintiff had early notice of the challenges to service and failed to respond in a manner "consistent with a recognition that 120 days may otherwise mark the death of the action." *See General Int'l Marketing Group,* 14 CIT at 548, 742 F.Supp. at 1176 (citing David D. Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 88, 103, 109 (1983)).