FORUM FINANCIAL GROUP, LLC, et al., Plaintiffs

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al., Defendants

No. CIV.00–306–P–H.

United States District Court, D. Maine.

Feb. 16, 2001.

Peter J. Detroy, III, Norman, Hanson & Detroy, Portland, Stephen R. Delinsky, Michael J. Flammia, Peter F. Carr, II, Eckert, Seamans, Cherin & Mellott, Boston, MA, for Forum Financial Group, Limited Liability Company, John Y Keffer, plaintiffs.

Richard L. O'Meara, Barbara T. Schneider, Murray, Plumb & Murray, Portland, Joseph H. Groff, III, Jensen, Baird, Gardner & Henry, Portland, for President and Fellows of Harvard College, Jonathan R Hay, Andrei N Shleifer, defendants.

## MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR COURT–DIRECTED SERVICE OF PROCESS

HORNBY, Chief Judge.

The plaintiffs have moved for court-directed service of process under Federal Rule of Civil Procedure 4(f)(3). They have been unsuccessful in their own attempts to serve the defendant Jonathan Hay, an American who, they assert, resides in Russia. Specifically, the plaintiffs have requested court-directed service upon Hay by certified mail to his attorney, Jonathan S. Spiegel, Esq. of Skad-

den, Arps, Slate, Meagher & Flom, LLP in New York City. Attorney Spiegel recently accepted service on Hay's behalf in another federal case that, like this one, involves Hay's business dealings in Russia. The plaintiffs have also moved that I deem such service "good and sufficient." I GRANT the plaintiffs' motion insofar as it requests court-directed service upon Hay by certified mail to Attorney Spiegel, but I cannot determine at this time whether any resulting service is "good and sufficient" and therefore DENY that part of the motion.

Federal Rule of Civil Procedure 4(f) provides that service upon individuals in a foreign country may be accomplished:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [1]; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

■ Attorney Spiegel, opposing the plaintiffs' motion,[2] first contends that court-directed service under Rule 4(f)(3) is not generally available unless attempts at service by means authorized by any applicable international agreement have proven unsuccessful. He asserts that court-directed service is "extraordinary relief" that is inappropriate in this case because the plaintiffs have not attempted to serve Hay by letter rogatory. He asserts that the latter method is allowed under a 1935 agreement between the United States and the Union of Soviet Socialist Republics (U.S.S.R.). *See* Exchange of Notes Relating to the Execution of Letters Rogatory, Nov. 22, 1935, U.S.-U.S.S.R., 49 Stat. 3840, E.A.S. No. 83 (the "1935 Agreement"). Contrary to these assertions, nothing in Rule 4(f) or its advisory committee notes indicates that court-directed service under Rule 4(f)(3) is "extraordinary relief." By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort, nor is it any less favored than service under subsections (1) and (2).[3] Rule 4(f)'s plain language unambiguously indicates that the only limit it imposes on

1. Russia is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial documents.

2. It is unclear whether the Plaintiffs' motion is properly opposed. To be sure, Attorney Spiegel submitted a letter arguing that the motion should be denied, but in doing so he disclaimed any intent to make an appearance in this litigation. Furthermore, Spiegel's letter forthrightly noted that he is not admitted to practice in the District of Maine (and he has not been admitted *pro hac vice*) and states that he is not authorized to appear in this action of Hay's behalf. Because I grant the plaintiffs' motion, any issues these shortcomings might raise otherwise are of no present importance.

3. The court's contrary statement in *Graval v. P.T. Bakrie & Bros.*, 986 F.Supp. 1326, 1330 (C.D.Cal. 1996), is based on the following advisory committee notes regarding Rule 4(f)(2): "Service by methods that would violate foreign law is not generally authorized. Subparagraphs (A) and (B) [of Rule 4(f)(2)] prescribe the more appropriate methods for conforming to local practice or using a local authority." In my view, that language simply does not address Rule 4(f)(3). Rather, it indicates only that under Rule 4(f)(2) service by means in accordance with the foreign country's law or as directed by the appropriate foreign authority is preferred over service by means merely not prohibited by the foreign country's laws. I will not extend the notes to stand for the proposition, contrary to the plain language of Rule 4(f)(3), that service under Rule 4(f)(2)(A) and (B) should or must be attempted before court-directed service under Rule 4(f)(3) is allowed.

court-directed service under Rule 4(f)(3) is that the means must not be prohibited by international agreement. *Accord* David D. Siegel, *Supplementary Practice Commentary C4–24*, 28 U.S.C.A. Fed.R.Civ.P. 4, at 73 (West Supp.2000) ("It is only a method barred by 'international agreement', and presumably *specifically* barred by that agreement, that the court must stay away from.") (emphasis in original). Moreover, the 1935 Agreement between the United States and U.S.S.R.—if it is even applicable [4]—merely sets forth procedures for executing letters rogatory; it does not prohibit other means of service. Because no international agreement prohibits me from directing service on Hay via certified mail to Spiegel, neither does Rule 4(f)(3).

■ Attorney Spiegel also contends that, apart from any Rule 4(f) concerns, service on a party through an attorney who is not authorized to accept such service (he states he is not authorized) is generally inappropriate because it risks adversely affecting the attorney-client relationship. This contention is important, and Attorney Spiegel cites several cases standing for the proposition that, in the ordinary course, service of process on a party via his or her attorney is not effective unless that attorney is authorized to accept service. *See, e.g., Williams v. Jones*, 11 F.3d 247, 251 (1st Cir.1993) (" 'Service of process is not effectual on an attorney solely by reason of his capacity as an attorney, [but] [t]he party must have appointed his attorney as his agent for service of process.' ") (dicta) (alterations in *Williams* ) (quoting *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D.Fla.1982); *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2nd Cir.1990)) ("[S]ervice of process on an attorney not

authorized to accept service for his client is ineffective."). Those cases are distinguishable, however, because they do not involve court-directed service as is requested here, but only the parties' own attempts at service without prior court authorization. *See Broadfoot v. Diaz (In re Int'l Telemedia Assocs., Inc.)*, 245 B.R. 713, 720–21 & n. 6 (Bankr. N.D.Ga.2000) (directing service under Rule 4(f)(3) on a foreign defendant by electronic mail and distinguishing a case rejecting service by electronic mail where the court's prior authorization had not been obtained). Where, as here, a party moves for court-directed service under Rule 4(f)(3), the court's decision to grant or deny the motion after careful consideration of the particular facts of the case can safeguard the attorney-client relationship against any unwarranted intrusion. *Cf. Mayatextil v. Liztex*, 1994 WL 198696, *5 (S.D.N.Y.1994) ("Absent some proffer of how service on counsel under the facts of this case is inadequate to provide fair notice, counterclaim defendants' sweeping objections are insufficient to overcome the obvious need for court-designed service."); *Int'l Telemedia*, 245 B.R. at 719 (stating that Rule 4(f)(3) provides flexibility and discretion that empowers courts to "fit the manner of service utilized to the facts and circumstances of the particular case"); Siegel, *supra*, at 73 ("Paragraph (3) of subdivision (f) is a catch-all provision that enables the court on ex parte motion to devise a method of service responsive to the unique facts of the case."). In this case, based upon the representations made at this point in the proceedings,[5] I conclude that service of process via Spiegel is appropriate given Hay's efforts to evade service in Russia and Spiegel's recent acceptance of service on Hay's behalf in a case also

---

4. The continuing validity and applicability of the 1935 Agreement with the U.S.S.R. (not Russia) is unclear. *Compare Semtek Int'l Inc. v. Merkuriy Ltd.*, 1996 U.S. Dist. Lexis 22248, *5 (D.Mass. 1996) (stating that service in Russia is proper if accomplished by means of a letter rogatory pursuant to the 1935 Agreement) *with* U.S. Dep't of State, *Judicial Assistance in the Russian Federation, available at* http://travel.state.gov/russia_legal.html (last visited Feb. 16, 2001) ("At present, no bilateral agreement on judicial assistance exists between the United States and Russia.").

5. Employing local counsel in Russia, the plaintiffs have attempted to serve Hay by certified mail and by hand, at both his home and business addresses. Chizhikova Decl. ¶ 7. The plaintiffs' local counsel asserts that Hay has actively evaded her efforts to serve him, *id.*, that he is now living under an assumed name, and that she cannot find him. Supplemental Chizhikova Decl. ¶ 4. The plaintiffs also assert that they would be prejudiced if forced to attempt to serve Hay by letter rogatory because the attempt would not be successful but would take between six months and one year to complete. Pl.'s Reply to Opp'n to Mot. for Court–Directed Service at 5.

involving Hay's business dealings in Russia, *United States v. President & Fellows of Harvard College,* Civ. No. 00–11977DPW (D. Mass filed Sep. 26, 2000). Such service via Attorney Spiegel is likely to fulfill the due process requirement of being reasonably calculated to give Hay notice of the case and an opportunity to be heard. *United States v. One Urban Lot,* 885 F.2d 994, 998–99 (1st Cir.1989) ("Well-known and oft-repeated Supreme Court precedent states that notice of a legal proceeding satisfies due process even if not actually received so long as 'notice is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Notably, Attorney Spiegel does not argue that sending service to him would fail to give Hay fair notice, nor does he assert that he is not in contact with Hay.

I do not decide whether court-directed service on Hay via Attorney Spiegel complies with Russian law. That element does not affect my Order, but it may very well affect the plaintiff's ability ultimately to enforce any judgment in Russia.

So Ordered.