**BP PRODUCTS NORTH AMERICA, INC., as successor in interest to Amoco Oil Company, Plaintiffs,**

v.

**Owais A. DAGRA, Defendant.**

**No. CIV.A. 3:04CV445.**

United States District Court, E.D. Virginia, Richmond Division.

Nov. 8, 2005.

Carl Frederick Lettow, II, Joseph T. Casey, Jr., Kelley Drye & Warren LLP, Vienna, VA, for Plaintiffs.

### *MEMORANDUM OPINION*

HUDSON, District Judge.

THIS MATTER is before the Court on Plaintiff BP Products North America Inc.'s ("Plaintiff") Motion for Approval of Alternative Service. Plaintiff moves, pursuant to Federal Rule of Civil Procedure 4(f)(3), to serve Defendant Owais Dagra, who is believed to reside in Pakistan, via his attorney who is currently representing him in another matter before this Court. To date, there has been no response filed. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court. For the following reasons, plaintiff's motion is granted.

### *I. Background*

Defendant Owais Dagra ("Defendant") is a businessman who previously owned several

to a request for admission. *Apex Oil,* 855 F.2d at 1014–15.

businesses in Virginia, but is believed to currently reside somewhere in Pakistan. In this case, plaintiff seeks to enforce the defendant's personal guarantee of over $12 million in defaulted business loans. Despite its best efforts over the past year and a half, plaintiff has only been able to learn that defendant may be residing somewhere in Karachi, Pakistan.

This Court has no doubt that the defendant is willfully evading the service of process in this case. Plaintiff has made numerous attempts to serve defendant under the terms of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), with no success. Plaintiff argues that notwithstanding its extensive efforts to locate Defendant, it has exhausted all reasonable avenues to obtain service, and is therefore asking for the Court's assistance. Through this Motion for Alternative Service pursuant to Rule 4(f)(3), Plaintiff seeks leave to serve Defendant with process through his attorney, William R. Baldwin, III, who is representing defendant in another matter before this Court. Loc Pfeiffer, who initially represented Defendant in the other matter, withdrew his representation on April 27, 2005, and is therefore not a proper party to receive service of process for Defendant. Mr. Pfeiffer does not represent the defendant in any other matter before this Court.

## II. Discussion

Rule 4(f) governs service of process upon individuals in foreign countries and provides three mechanisms of service:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice: ... or

(3) by other means not prohibited by international agreement as may be directed by the court.

Fed.R.Civ.P. 4(f). Ordinarily, the Hague Convention would govern service of process in this matter, since both the United States and Pakistan are signatories. However, the Hague Convention contains an explicit exemption where the address of the foreign party to be served is unknown: "This Convention shall not apply where the address of the person to be served with the document is not known." 20 U.S.T. 361 (U.S.T.1969). In this case, after plaintiff's numerous attempts to serve defendant at his last two known addresses in Pakistan failed, plaintiffs went so far as to engage the services of an investigative firm in Pakistan. A month of searching through telephone records, utility records, property records, various housing authorities' records, law enforcement records and other personal identifying databases, has failed to reveal defendant's current whereabouts. Plaintiff has explored every option it believes to be feasible to obtain defendant's address, but to no avail. Therefore, after having attempted to comply with Rule 4(f)(1), plaintiff now seeks service under Rule 4(f)(3).

Rule 4(f) does not denote any hierarchy or preference of one method of service over another. *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir.2002). The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement. *Id.* "Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id.* (internal citation omitted). In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is "reasonably calculated" to give notice to defendant. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In the present case, plaintiff moves the Court to order service on an attorney who represents the defendant in another matter pending before this Court with the direction that such

counsel shall communicate such notice to defendant using whatever means established by defendant for communicating with counsel.

▮ The record in this case clearly indicates that service on his attorney, William R. Baldwin, III, would be reasonably calculated to provide the defendant with formal notice of the immediate action. Mr. Baldwin has been representing defendant in a separate matter before this Court since April 6, 2005. On April 27, 2005, after all of defendant's other counsel of record were granted leave to withdraw from their representation, Mr. Baldwin remained as sole counsel. Since that time, Mr. Baldwin has filed over twelve (12) separate pleadings on behalf of defendant, and has been physically present before the Court on at least four (4) different occasions. Since the Virginia Rules of Professional Conduct require Mr. Baldwin to keep his client informed about the status of the case, it is reasonable to conclude that he has some mechanism for contacting defendant. Va. Rules of Prof'l Conduct 1.2(d), 1.4. Therefore, if Mr. Baldwin were served with process in this matter he could use the same means of communication to provide defendant with notice of the pendency of this action.

Allowing a plaintiff to serve a defendant's counsel is not a novel means of effecting service of process. Other courts have granted similar requests. See *Forum Fin. Group, LLC v. President and Fellows of Harvard College,* 199 F.R.D. 22, 23 (D.Me.2001) (directing service on a defendant residing in Russia to be made on the defendant's attorney representing him in another matter); *see also Levin v. Ruby Trading Corp.,* 248 F.Supp. 537 (S.D.N.Y.1965) (when prior service attempts on a Canadian defendant failed, the Court approved service by ordinary mail upon defendant and defendant's attorney)[1]. The Court finds that this case presents similar circumstances. To date, defendant's whereabouts continue to be a mystery. However, Mr. Baldwin has continued to vigorously pursue the other matter pending before this Court on behalf of defendant.[2] The Court concludes that Mr. Baldwin must have some means of communicating with defendant, and he is therefore a proper party to receive service of process on his behalf. This Court declines to give the defendant a safe sanctuary from his legal obligations.

### III. Conclusion

Accordingly, the Court deems that an acceptable method of service on defendant shall be personal service of a copy of the summons and Complaint on his attorney, William R. Baldwin, III. Such service is reasonably calculated to provide defendant with sufficient notice of this action. Fed.R.Civ.P. 4(f). Thus, plaintiff's Motion for Approval of Alternative Service is granted.

An appropriate Order will accompany this Memorandum Opinion.

### ORDER

THIS MATTER is before the Court on Plaintiff BP Products North America Inc.'s ("Plaintiff") Motion for Approval of Alternative Service. For the reasons set forth in the accompanying Memorandum Opinion, plaintiff's motion is GRANTED.

Plaintiff is ORDERED to serve Mr. William R. Baldwin, III of Cherry, Seymour & Hundley, P.C., with process. The Court-directed method of service shall be personal service of a copy of the summons and Complaint on Mr. Baldwin, along with a copy of this Memorandum Opinion and Order. Mr. Baldwin is DIRECTED to forward a copy of the summons and Complaint, along with this Memorandum Opinion and Order, to the defendant using whatever means of communication previously established by defendant.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

---

1. While these cases do not have precedential value, both provide considerable guidance to the Court as examples of the Court allowing service on the defendant's counsel.

2. Defendant's latest pleading, filed by Mr. Baldwin, was entered on September 29, 2005, and Mr. Baldwin appeared before the Court for a settlement conference on October 11, 2005.